MORGANTOWN MANUFACTURING COMPANY *v.* HICKS.

[No. 6,894. Filed June 29, 1910. Rehearing denied October 25, 1910. Transfer denied December 15, 1910.]

1. MASTER AND SERVANT.—*Unguarded Rip-Saw.—Service at Time of Injury.— Complaint.—* A complaint alleging that defendant operated a manufacturing establishment, that the plaintiff was employed therein to operate a rip-saw, that such saw was driven by steam power, that while plaintiff was employed such saw was unguarded, to defendant's knowledge, that it was practicable to guard such saw, that plaintiff was directed by defendant's foreman to rip certain pieces of timber, that while doing so a piece of timber caught and jerked his hands against the saw, injuring him, sufficiently shows that defendant operated a factory, that plaintiff was working therein when he received his injuries, and that he was operating a dangerous, unguarded saw at the time he received his injuries. pp. 626, 627.

2. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.— Complaint.—Inferences.—*Section 8029 Burns 1908, Acts 1899 p. 231, §9, requires, under penalty, any person engaged in manufacturing to guard all saws, when practicable, and, if guards become ineffective, to replace them; and in a complaint for injuries sustained because of a failure to guard, inferences cannot supply omitted material facts. p. 626.

3. PLEADING.— *Complaint.— Allegations.— Necessary Inferences.—* A complaint containing general allegations is sufficient, if the allegations compel, but insufficient, if they merely permit, the inference of the necessary facts constituting the cause of action. p. 627.

4. DAMAGES.—*Excessive.—*The sum of $2,500 is not excessive damages for a man whose hands were badly mangled by an unguarded rip-saw, destroying the use of his hands for many purposes. p. 629.

5. MASTER AND SERVANT.—*Proximate Cause.—Unguarded Saw.— Practicability of Guarding.—Jury.—*What is the proximate cause of an injury and whether a proper guard on a rip-saw would have prevented the injury complained of, are questions for the jury. p. 630.

6. MASTER AND SERVANT.—*Negligence.—Safe Ways, Works and Machinery.—Instructions.—*In an action for injuries received because of an unguarded saw, instructions defining negligence and setting out the common-law duties of masters as to furnishing safe places, tools and machinery, are not improper. p. 631.

7. MASTER AND SERVANT.—*Unguarded Saw.—Instructions.—Consideration of.—*In an action under the factory act for injuries sustained by reason of an unguarded rip-saw, instructions as to defendant's duty to furnish safe tools are not misleading, where other instructions tell the jury that the plaintiff must recover according to his complaint and that the plaintiff's injuries were caused by the unguarded condition of the saw. p. 631.

8. MASTER AND SERVANT.—*Unguarded Saw.—Servant's Duty.—Instructions.—*An instruction that it was not the servant's duty to furnish a guard for an unguarded rip-saw on which he was working, that it was not his duty to guard the saw, and that he need not complain thereof, is not erroneous. p. 631.

9. MASTER AND SERVANT.—*Unguarded Saw.—Spreader.—Failure to Use.—Acquiescence of Master.—Instructions.—*An instruction that if defendant furnished a spreader for a rip-saw, and instructed plaintiff not to use the saw without attaching it thereto, and that plaintiff failed to do so for four or five weeks, to defendant's knowledge, then, if it was practicable to guard the saw, and plaintiff was injured by reason of such failure to guard, the defendant is liable, is correct, such spreader being used for a different purpose than that of a guard. p. 631.

10. TRIAL.— *Instructions.— Interrogatories.— Answers.— "Testimony."—"Evidence."—*An instruction that the jury should answer the interrogatories according to the weight of the "testimony," and that if the "evidence" showed there was no "testimony" relating to the matter inquired about, the answer should be that there was no "evidence," is not misleading, though "testimony"

was interchangeably used for "evidence," "testimony" being only the declarations of witnesses. p. 632.

11.   MASTER AND SERVANT.—*Unguarded Saw.—Contributory Negligence.—Instructions.*—An instruction that defendant is liable for failing to guard the rip-saw on which plaintiff was working, when injured, if practicable to do so, is not bad on the ground that it ignores contributory negligence, where other instructions fully explained the effect of contributory negligence. p. 633.

12.   MASTER AND SERVANT.— *Unguarded Saw.— Notice.— Contributory Negligence.— Evidence.*— Evidence showing that plaintiff knowingly operated an unguarded rip-saw does not show contributory negligence. p. 633.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Willard Hicks against the Morgantown Manufacturing Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

(For decision on appeal from order correcting bill of exceptions, see 43 Ind. App. 32.)

*James Bingham,* for appellant.
*E. M. McCord* and *Willis Hickam,* for appellee.

COMSTOCK, C. J.—While working in appellant's furniture factory, ripping timber on an unguarded circular saw operated by steam-power, appellee's hand was jerked and thrown against said saw, whereby he was injured, and he brought this action against defendant to recover damages for said injuries.

The negligence charged was the failure of appellant to guard said saw, as required by the provisions of sections eight and nine of what is known as the factory act (Acts 1899 p. 231, §§8028, 8029 Burns 1908).

A demurrer for want of facts to the one paragraph of complaint was overruled, and appellant answered in two paragraphs; the first being a general denial, and the second alleging that appellee failed to obey instructions to attach and keep attached to the saw in question a certain split,

spread or guard, and that the injury complained of was the result of such failure.

A demurrer to said second paragraph of answer was overruled and a reply filed in general denial. On the issues formed the case was submitted to a jury and a verdict returned in favor of appellee in the sum of $2,500. Appellant's motion for a new trial was overruled and judgment rendered on the verdict. Certain interrogatories were propounded to, and answered by, the jury.

The first and second specifications of error challenge the sufficiency of the complaint, and the third, the action of the court in overruling appellant's motion for a new trial. The reasons set out in the motion for a new trial relate to the admission and rejection of evidence and the giving of certain instructions. Other reasons set forth are that the damages assessed by the jury are excessive; that the verdict is not sustained by sufficient evidence and is contrary to law; and that the answers of the jury to a number of interrogatories are not sustained by sufficient evidence and are contrary to law.

The first and second specifications of error may properly be considered together. The objection urged to the complaint is that there is no allegation that, at the very

1. time appellee sustained his injuries, the saw he was operating was in a manufacturing establishment or other place mentioned in the factory act. It is conceded that there is a statement in the complaint tending to show that appellant had in use a saw in a certain factory owned by it, but it is insisted that this is narrative only, and relates to a time when appellee was not injured; and that the absence of these averments renders the complaint wholly insufficient.

Section 8029, *supra*, makes it the duty of the owner, agent, superintendent or other person having charge of any manufacturing or mercantile establishment, or any floor or

2. part thereof, to keep all saws therein properly guarded, and no person shall remove or make in-

effective any safeguard around or attached to any planer or saw while it is in use, except for the purpose of immediately making repairs thereto, and all such safeguards shall promptly be replaced, when reasonably practicable so to do. It is true, as claimed by appellant, that the statute in question is highly penal in its nature, and in a complaint, charging a failure to comply with its provisions, intendments or inferences cannot be resorted to to supply omissions of material facts. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *National Fire Proofing Co.* v. *Roper* (1906), 38 Ind. App. 600; *Robertson* v. *Ford* (1905), 164 Ind. 538.

It is also true that general allegations must be stronger than merely to suggest an inference. They must be so strong as to enforce the inference if necessary. *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365; *Brown* v. *Brown* (1893), 133 Ind. 476; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 41 Am. Rep. 618. The material facts necessary to be averred must not be left to inference. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557.

Having in view the foregoing propositions, a reference to the complaint discloses the following averments: That on April 1, 1907, defendant was, and for some months prior thereto had been, a corporation duly organized and operating under and pursuant to the laws of the State of Indiana; that said defendant was on said April 1 and during all of said time had been, in the business of manufacturing tables, boxes and furniture of various sorts; that on said April 1, and for a number of days prior thereto, plaintiff was in the employ of defendant; that his duties, and the purpose for which he was by defendant employed, required him to do general work about said factory, and, when called on so to do, he was to operate a small circular saw placed in a table and driven at a high rate of speed by steam, which saw was then and there used by defendant in its business and in its factory, which was, during all of said time, located in the town of Morgantown,

Morgan county, Indiana; that said saw was about ten inches in diameter, and revolved in a slot in the top of said table, so that about two and one-half inches of the saw projected above the top of said table; that a belt underneath said table was so attached to a shaft, operating said saw, and was so driven by steam-power used in said factory, that when in use said saw revolved with great rapidity; that said saw was used for the purpose of sawing and ripping pieces of timber used by defendant in the furniture manufactured by them; that there was a gauge on the top of said table and on the right side of such saw, used to regulate the width and thickness of the strips into which pieces of timber were to be ripped. (Here the position of the one operating said saw, with reference to the table and the manner of holding and guiding the timber sawed, is set out with particularity.) The complaint further alleged that it was necessary, to a safe operation of said saw, that the part extending above the top of said table should be properly protected by a guard, so that the hands and arms of the operator should not come in contact with said saw; that when used without said guard it was dangerous; that during the time plaintiff was employed there was a defect in the machinery used by him, which was known by defendant, and which consisted of the absence of a guard over said saw, defendant having negligently failed to provide any guard; that it was at all times practicable to maintain a good and sufficient guard over said saw, without in any manner interfering with the use thereof for the purposes for which it was operated, or in any manner interfering with the work being done thereon by plaintiff, when injured as complained of; that on April 1, while at work for defendant, plaintiff was directed by his foreman to use said saw, which was not guarded, to rip pieces of timber into strips for the use of defendant in its said business; that he obeyed said instructions, and, while using said saw, was at all times using reasonable care and diligence to avoid and save himself from injury, and while thus engaged, and while

holding a piece of timber and guiding it against said saw, it was necessary for him to hold said timber by placing his hands in front of and near to said saw; that while thus holding and guiding said piece of timber it was suddenly and with much force jerked and thrown forward, thereby jerking and throwing plaintiff's hands against said saw; that all of his described injuries were caused by the negligence of said defendant in failing to have said saw properly guarded, and in using said saw without a guard.

These allegations, we think, sufficiently show that defendant was operating a factory and that plaintiff was employed therein; that said saw was a dangerous part of the machinery used; that it could have been guarded without interfering with its practical use; that by reason of the absence of any guard plaintiff received his injuries; that the work in which he was engaged was under the direction of appellant. While some allegations may consist of conclusions or be by way of recital, there are sufficient averments directly made to bring the facts within the statute upon which the suit is based. *Baltimore, etc., R. Co.* v. *Kleespies* (1906), 39 Ind. App. 151; *Blanchard-Hamilton Furniture Co.* v. *Colvin* (1904), 32 Ind. App. 398; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32; *United States Furniture Co.* v. *Taschner* (1907), 40 Ind. App. 672; *Bessler* v. *Laughlin* (1907), 168 Ind. 38.

The first reason in the motion for a new trial that is discussed, is that the damages assessed by the jury are excessive. The evidence shows that appellee has suffered

4. great pain, and that his hands were sawed and torn. On the left hand there was left but one perfect finger, the last one. One was cut off, another split open in three places, on the bottom and through the nail, and the left thumb was split open and part of the bone taken out. On the right hand was a cut from the base of the thumb, extending along the palm surface of the thumb and over the

forefinger and first knuckle, cutting through the muscles and one of the tendons of the index finger, which rendered the thumb and finger useless. Appellee cannot work with tools, grip lines or drive a team. His hands cramp and are always cold. He cannot work without gloves. Since his injury he has been doing work requiring the use of a shovel, in which he can use his arms principally. In view of the evidence, the damages assessed are not so great as to induce the belief that the jury acted from prejudice, partiality or corruption. Upon that ground, the verdict should not, therefore, be set aside. *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535.

Other propositions insisted upon are that the evidence shows (a) that appellee's injuries were not caused proximately by appellant's failure to guard the saw in question; (b) that if the saw had been guarded, in a way not to interfere with its use, the guard would not have prevented the injury; (c) that a sudden jerk from causes unknown to appellee, and the use of a smaller saw than was proper, were the real causes of the injuries to appellee; (d) that the saw in question could not have been guarded so as to permit of its use, and at the same time prevent appellee's injury.

In answer to these objections, there is evidence that if the top of the saw had been guarded it would have been impossible for appellee to put his hands against the saw; that there was nothing to prevent the guard from being put over the saw, and that it was customary to use guards; that there were different kinds of guards, and that they were adjustable so that a thick or thin stick could be sawed; that the guard could be used with or without a split or spreader; "that there could have been an adjustable guard put over that saw, and appellee could have sawed that stick;" that it would not have interfered with the operation of the saw by which appellee was injured.

Instructions eight to sixteen, inclusive, given by the court

of its own motion, are excepted to. They contain the definition of negligence, and give the general rule applicable to furnishing a safe place, safe tools, machinery and appliances, and are declaratory of the common-law rule, and state it correctly.

It is urged in behalf of appellant that there is no allegation in the complaint tending to state any cause of action against appellant by reason of its failure to furnish safe tools and appliances, and a safe place for appellee in which to work; that the complaint proceeds upon the theory of a violation of the factory act, and that under this state of facts instructions thirteen, fourteen, fifteen, and sixteen were peculiarily objectionable. These instructions, read in connection with others stating the issues, could not have misled the jury.

Instruction eight told the jury that if plaintiff recovered in this action he must recover upon the theory expressed in his complaint; that he could not recover on any other theory than that of negligence as alleged in the complaint "which I have read to you." The only negligence shown in the complaint was the failure to guard the saw.

Instructions three, four and five, which stated the issues, told the jury that the cause of plaintiff's injuries was the unguarded condition of the saw.

Appellant also complains of instructions seventeen and eighteen. Instruction seventeen was to the effect that it was not the duty of plaintiff to furnish any guard or spreader to be used on the ripsaw, nor was it his duty to ask defendant properly to guard such machine, nor to complain to defendant because it was not guarded.

Instruction eighteen told the jury that if defendant had, before plaintiff was injured, provided a guide or spreader for use upon the machine in question, and that it had been used thereon prior to plaintiff's injury, and that defendant instructed plaintiff at the time he began to work for defendant that he should never use said ripsaw

unless the spreader was attached thereto, but should further find that plaintiff, for any reason, failed to attach said spreader to said machine before using it, but, with the knowledge of defendant, continued for four or five weeks to use said machine without said spreader attached, "then I instruct you that defendant's aquiescence in the use of said machine without such spreader was a violation of the factory act, making it the duty of such defendant properly to guard said machinery, if you further find from a preponderance of the evidence that said saw was, at the time plaintiff was injured, dangerous, and that it was practicable to maintain a good and sufficient guard over and about the saw which injured plaintiff, without materially interfering with its efficiency for the purpose for which it was operated by the plaintiff when injured as aforesaid." These instructions were correct. *Espenlaub* v. *Ellis* (1904), 34 Ind. App. 163; *Blanchard-Hamilton Furniture Co.* v. *Colvin, supra; Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319. The second paragraph of appellant's answer refers to a guide, split, guard or spreader. It is this appliance to which these instructions refer. The evidence shows that the only appliance used on the saw was a split, to keep the timber from pinching the saw. It did not work well. It was fastened to the table, so close to the guide that regulated the width of the stick being sawed, that it bound the timber so that it could not be pushed through. It was taken off before appellee went to work at the mill. In said answer it is called a "guide, guard and split." The uses of guides and splits are entirely distinct, and there is no evidence to show that appellant ever provided a guard, or ordered appellee to put one on. The evidence, in fact, shows that appellant's superintendent did not favor the use of a guard.

By instruction twenty the court told the jury to answer the interrogatories submitted to them according to the weight of the "testimony" relating to the facts inquired about. "If you should find from the evidence

in the case that there is no testimony relating to the matter inquired about, then you may answer such questions by saying, 'There is no evidence.' "

It is true that the word "testimony" is not synonymous with the word "evidence." Testimony is the declarations of a witness. It is a species of evidence. Evidence includes all testimony, while testimony does not include all evidence. The court seems to have used the words in question interchangeably, and therefore, if not technically correct, it was harmless. *Forgey* v. *First Nat. Bank, etc.* (1879), 66 Ind. 123.

The giving of instruction two, requested by appellee, is complained of, because it told the jury that under the provisions of the factory act the failure to guard such machinery as ripsaws, wherever it is practicable to do so, is such negligence as will render such employer liable to damages for any injuries directly or proximately resulting from such neglect or failure, for the reason that it ignores the question of appellee's contributory negligence and disregards the question as to whether the guarding of said saw would have rendered it useless for the purpose for which it was being operated. The instruction clearly stated the general rule of law. In other instructions the jury were told that plaintiff could not recover, if his own negligence in any degree contributed to his injuries, and were further instructed as to the practicability of guarding the saw.

There is no evidence to show that appellee was guilty of contributory negligence. The evidence shows that the saw was unguarded. The jury were fully and fairly instructed upon the issues. All the instructions requested by appellant were given. There is evidence to support every material allegation in the complaint. Manifestly a correct result was reached.

Judgment affirmed.