# H. A. McCowen & Company *v.* Gorman, Administrator.

### [No. 7,689. Filed December 11, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machinery.—Complaint.—Sufficiency.*—A complaint for the negligent death of an employe caused by an unguarded set screw, alleging facts showing that decedent's working place was in proximity to such set screw, which was attached to a revolving shaft, and which could have been properly guarded, and that while engaged in his work his clothing came in contact with such set screw, thereby causing his injury and death, and charging that "said decedent was caused to suffer said injuries and death by reason of the negligence and carelessness of the defendant in negligently failing and refusing to properly guard said shafting and set screw as required by law," sufficiently charged defendant with negligence in failing to guard such set screw and sufficiently stated a cause of action so as to withstand a demurrer. pp. 526, 527.

2. MASTER AND SERVANT.—*Dangerous Machinery.—Duty to Guard.*—Under §8029 Burns 1908, Acts 1899 p. 231, §9, providing that shafting and set screws maintained and used in manufacturing establishments shall be properly guarded, the master, though not required to guard against every possible danger, or to guard every piece of machinery, regardless of its location, even though enumerated in the statute, must guard those parts of machinery, so enumerated, in the vicinity of which laborers are required to work, if it can be done without rendering them useless for the purpose intended. p. 527.

3. TRIAL.—*Verdict.—Answers to Interrogatories.*—A general verdict for plaintiff is a finding that all the material allegations of the complaint are true, and will not be set aside on answers to interrogatories if the latter can, on any reasonable hypothesis, be reconciled with it. p. 528.

4. MASTER AND SERVANT.—*Injury to Servant.—Contributory Negligence.—Verdict.—Answers to Interrogatories.*—Where, in an action for the death of an employe by coming in contact with an unguarded set screw, the complaint alleged that it was decedent's work to repair a chute which he operated, and that for five years prior to the accident, to the knowledge of defendant, it was his custom to make such repairs while the shaft to which the screw was attached was in operation, and that, to defendant's knowledge, a like custom prevailed among the other employes, and that decedent was injured while making repairs to

the chute, it will be presumed that such facts were proved, so that the general verdict for plaintiff was a finding that defendant was negligent and that decedent was not negligent, but was attempting to perform the service according to a longstanding custom, so that answers to interrogatories were not in conflict therewith, although such answers, when standing alone and considered apart from the facts alleged in the complaint, indicated that decedent attempted an unsafe way to perform the work when a safe way was open to him.  pp. 528, 529.

5. MASTER AND SERVANT. — *Dangerous Machinery.* — *Failure to Guard.*—*Negligence Per Se.*—Where a servant was employed to operate a cut-off saw and chute, which was connected by belts to a revolving shaft located six feet above the table on which the saw was located, and immediately above the chute, and it was part of the servant's duty to go upon the chute to make repairs thereto, the employer's failure to properly guard such set screw was negligence *per se.* p. 529.

6. MASTER AND SERVANT.—*Injury to Servant.*—*Contributory Negligence.*—*Question for Jury.*—Where there was room for an honest difference of opinion by reasonable men, as to whether an employe, who was killed by coming in contact with an unguarded set screw attached to a revolving shaft, was guilty of contributory negligence, the question was one for the jury. p. 529.

7. APPEAL.—*Review.*—*Evidence.*—*Judgment.*—The judgment of the trial court will not be disturbed on the ground of insufficient evidence, unless there is a failure of evidence to support a material fact.  p. 530.

8. MASTER AND SERVANT.—*Injury to Servant.*—*Unguarded Machinery.*—*Evidence.*—*Verdict.*—In an action for the death of a servant by coming in contact with an unguarded set screw, evidence showing that decedent had charge of a chute and frequently made repairs to same, in the doing of which he came within two to four feet of a revolving shaft to which the set screw was attached, that he was often seen doing such work by defendant's superintendent and assistant superintendent, that he came in contact with the set screw and was injured, and the screw was never guarded until after the accident, is sufficient to support a verdict for plaintiff.  p. 530.

9. MASTER AND SERVANT.—*Injury to Servant.*—*Instructions.*—An instruction in an action for the death of a servant by coming in contact with an unguarded set screw, that plaintiff may recover if he has proved the allegations of either paragraph of complaint, though technically objectionable for failure to take into consideration the defense of contributory negligence, was not misleading to the jury when considered in connection with other instructions given on the subject of contributory negligence, and its giving was not erroneous.  p. 530.

10. TRIAL.— *Instructions.— Credibility of Witnesses.— Weight of Testimony.*—An instruction informing the jury that it is the judge of the facts proved, the credibility of the witnesses, and the weight of the evidence, and that it may believe a witness in whole or in part or entirely believe or disbelieve his testimony, that if the testimony of the witnesses conflicts, the conflict should be removed, if possible, but that if it cannot be removed, the jury has a right to believe that witness on whose side rests the greater weight under the circumstances, and reject the balance, and render the verdict in accordance with the preponderance of the evidence, though not to be approved, is not erroneous on the theory that it permits the jury to disbelieve any witness without any cause and to disregard his testimony.  p. 532.

From Orange Circuit Court; *Harry C. Montgomery,* Special Judge.

Action by John Gorman, administrator of the estate of James Simpson, deceased, against H. A. McCowen & Company.  From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Elam, James W. Fesler, Harvey J. Elam, Hottel & Hottel,* and *Perry McCart,* for appellant.
*George H. Hester* and *Harry S. Medlock,* for appellee.

MYERS, J.—Appellee brought this action against appellant to recover damages for the alleged negligent killing of James Simpson.  The complaint was in three paragraphs.  A demurrer for want of facts to each paragraph was overruled, whereupon appellant answered by a general denial.  There was a trial by jury, resulting in a general verdict for appellee.  Answers to fifty-six interrogatories were returned. Appellant's motion for judgment on the answers to interrogatories, and its motion for a new trial, were overruled. The errors assigned and relied on are that the court erred in overruling the separate demurrer to each paragraph of the complaint, in overruling the motion for judgment on the answers to interrogatories, and in overruling the motion for a new trial.

From the complaint it appears, in substance, that appel-

lant, at the time of the accident of which appellee complains, was engaged in operating a sawmill and doing a general lumber business at the town of Salem; that among the various machines owned and operated by appellant was a cut-off saw, then in use for the purpose of working up refuse lumber into fire wood; that the wood so manufactured was, by means of a chute operated by steam-power, carried upward at an angle of twenty degrees into another part of the building, and then deposited in wagons; that in connection with the saw and chute so operated was a line of shafting, about six feet above the table on which the saw was located, and immediately above the chute; that this line of shafting was operated by steam-power, and was caused to revolve at the rate of 300 revolutions per minute; that the saw and wood chute were connected by belts to the shafting; that on the day and at the time of the accident appellee was in the employ of appellant, and under his contract of employment he was to operate the saw and chute, and keep the latter in running order; that on December 28, 1908, a nail in the chute became loose, and decedent undertook to remove it, and while thus engaged, his clothing came in contact with the revolving set screw attached to and projecting from the revolving shaft, thereby forcibly and violently throwing him around and about the shaft, mortally injuring him. Had the set screw been guarded, or in any way protected, the work of making the repairs would not have been dangerous, nor would the injury have happened. The negligence charged was in failing and refusing properly to guard said revolving shaft and set screw, as required by law; that it could have been properly guarded so as to prevent the injuries, without in any manner interfering with the operation thereof.

The point made against the complaint and each paragraph thereof is that it failed to allege that either the shaft or the set screw was unguarded; that the language of the pleader in this respect was a mere recital, and not the direct statement

of a fact. The particular allegation in question is as follows: "That said decedent was caused to suffer said injuries and death by reason of the negligence and carelessness of the defendant in negligently failing and refusing to properly guard said shafting and set screw as required by law."

Section 9 of the factory act (Acts 1899 p. 231, §8029 Burns 1908) provides that all shafting and set screws maintained and used in establishments such as that of appellant "shall be properly guarded." "The intention of the legislature in directing that certain things should be guarded, was thereby to remove all unnecessary danger to persons employed upon or about such special dangers." *Wynkoop* v. *Ludlow Valve Mfg. Co.* (1909), 196 N. Y. 324, 89 N. E. 827, 30 L. R. A. (N. S.) 36. And while it has been held that masters are not called on to guard against every possible danger, or guard every piece of machinery, regardless of its location, even though it be enumerated in the statute (*Robertson* v. *Ford* [1905], 164 Ind. 538, 74 N. E. 1), yet they are required to guard those parts of machinery, so enumerated, in the vicinity of which laborers are required to work, if it can be done without rendering them useless for the purposes intended.

In this case, according to the complaint, the working place of decedent was about the chute, and in proximity to the screw, which appellant negligently failed and refused to guard. The denial of this charge tendered an issue proper for the jury. We are not unmindful of the rule against drawing inferences to sustain a pleading, and that material facts, to constitute a cause of action, must be directly alleged, yet the questioned language, in this instance, is sufficient to charge appellant with negligence in failing to guard the set screw. The complaint was sufficient.

It is next insisted that appellant's motion for judgment on the answers to interrogatories should have been sus-

tained. The claim is that the interrogatories show that the decedent was guilty of contributory negligence. The general verdict was for plaintiff, which amounts to a finding that all the material allegations of the complaint are true, so that if the answers can, on any reasonable hypothesis, be reconciled with the facts found by the general verdict, the latter must stand. *Richmond St., etc., R. Co.* v. *Beverley* (1909), 43 Ind. App. 105, 84 N. E. 558, 85 N. E. 721; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583, 66 N. E. 454; *Cleveland, etc., R. Co.* v. *Harvey* (1910), 45 Ind. App. 153, 90 N. E. 318.

Appellant, in support of this motion, relies especially on the answers, which show that Simpson had been in its employ for twelve years; was familiar with the wood chute and the location of the shaft and set screw, and had been warned of their danger. The bottom of the chute was three feet below the shaft. While the chain in the chute was running, it caught on a nail and stopped. Simpson undertook to remove the obstruction, and for that purpose climbed on the chute while the shaft was running, knowing that he could have the shaft stopped before attempting to make the repairs. From these answers it is argued that decedent knew the danger involved in attempting to make the repair without stopping the machinery, or, in other words, he attempted an unsafe and dangerous way when a safe way was open to him. These answers standing alone would seem to lend strength to appellant's contention, but when considered in connection with the facts in the second and third paragraphs of the complaint, all of which we must assume were proved, the answers may readily be reconciled with the general verdict.

In the third paragraph it is shown that it was not only the work of Simpson to make the repair which he undertook to do, but for five years prior to the time of the accident, to the knowledge of appellant, it was his custom to go on the chute while the shaft was running and make any needed

or minor repairs, such as he attempted to make at the time he received his injuries. Not only was this the custom of decedent, but, to the knowledge of appellant, a like custom of making repairs obtained among its other employes handling machinery in its establishment. A nail in the chute became loose, and while decedent was attempting to remove it, the unguarded set screw caught his clothing. The position of the shaft and set screw with reference to the chute, and their proximity to the person when making the repairs, as stated in the complaint, would render the owner of the establishment guilty of negligence *per se*. If decedent was negligent, it was because he failed to have the shaft stopped before he undertook to make the repair. But the jury, by its general verdict, found that he was not, and that appellant was negligent, that decedent was attempting to perform the service according to a custom and practice of long standing in appellant's establishment, and as was his custom theretofore to do.

It may be said, as claimed by appellant, that two ways were open to do the work. To stop the shaft insured safety. But whether a failure to do so would attend the work with such hazards and danger that a court may declare negligence as a matter of law, presents an entirely different proposition. The case is one for an honest difference of opinion by reasonable men, hence, under such circumstances, the question of contributory negligence was one for the jury. *Stephens* v. *American Car, etc., Co.* (1906), 38 Ind. App. 414, 78 N. E. 335; *Miller* v. *Kimberly & Clark Co.* (1908), 137 Wis. 138, 118 N. W. 536; *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257; *F. Bimel Co.* v. *Harter* (1912), *ante*, 267, 98 N. E. 360.

The motion for a new trial is claimed for the reasons (1) that the verdict of the jury was not supported by the evidence, and (2) that the verdict was contrary to law, be

cause there is no evidence to support it. If, as contended by appellant, the shaft was eight feet above the floor, and decedent was not required to be nearer to it than the floor, in the performance of his work, then the cases of *Robertson* v. *Ford, supra,* and *Grace* v. *Globe Stove, etc., Co.* (1907), 40 Ind. App. 326, 82 N. E. 99, would be in point. These questions take us to the evidence, and unless there is a failure of evidence to support a material fact we cannot disturb the judgment of the trial court. *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1110; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219, 75 N. E. 283; *Meridian Life etc., Co.* v. *Eaton* (1908), 41 Ind. App. 118, 81 N. E. 667, 82 N. E. 480.

There is evidence that decedent had charge of the wood chute, and frequently made repairs on it, or unlodged wood which caught in it. This work took him within two to four feet of the shaft and set screw. A number of witnesses testified to having seen decedent many times during the three years next before the accident, making repairs and working around the chute close to the running shaft and set screw. Mr. Menaugh, appellant's superintendent, and Mr. Wilson, appellant's assistant superintendent, saw him doing this work. The set screw was never guarded until after the accident. It is unnecessary for us to report the evidence here, for it is sufficient to say that the verdict has evidence to support it, and, this being true, our right to disturb the judgment on that ground is foreclosed.

The first and second instructions given by the court on its own motion are presented and claimed to be erroneous. The first is claimed to be erroneous, for the reason that it directs a verdict for plaintiff, if the allegations of either paragraph were proven, without tak-

ing into consideration the defense of contributory negligence.

The sentence, "should he so establish the averments of any one paragraph of his complaint, he may recover," when considered without reference to the defense of contributory negligence, was technically objectionable. But when this instruction is considered in its entirety, and along with other instructions on the subject of contributory negligence, we are not persuaded that the jury understood that it was at liberty to find for the plaintiff in case the allegations of any one paragraph of the complaint were proven, without reference to the defenses. The gist of the instruction was to impress on the jury that plaintiff, in order to recover at all, must establish by a preponderance of the evidence the allegations of at least one paragraph of his complaint. This was one branch of the case, the burden of which was on plaintiff. Contributory negligence was another branch, the burden of which was on defendant. The instructions as a whole clearly defined the duties and rights of the parties with respect to each of these branches. "If it required elucidation or qualification, the other instructions given by the court were amply sufficient to enable the jury to make proper application of the rule." *Hamilton* v. *Love* (1899), 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384. In the case of *Indiana, etc., Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 78 N. E. 325, the court said: "The test question in every case is: Was the jury misled?" and in that case, refused to reverse the judgment on an instruction that "if the plaintiff had so proved the material allegations of her complaint, then she is entitled to recover such damages as will compensate her for the injuries," on the theory that under the circumstances of the case the instruction did not constitute error. So after a careful examination of the record in the present case, we are satisfied that the jury could not have been misled by the instruction in question,

hence there was no error in giving it. See, also, *Morgantown Mfg. Co.* v. *Hicks* (1910), 46 Ind. App. 623, 92 N. E. 199; *Indianapolis, etc., R. Co.* v. *Watson* (1888), 114 Ind. 20, 14 N. E. 721, 15 N. E. 824, 5 Am. St. 578.

Appellant insists that the second instruction is bad, for the reason that it permits the jury to disbelieve any witness without any cause, and to disregard his testimony.

10. The instruction in question, after informing the jury that it is the judge of the facts proved, the credibility of the witnesses, and the weight of the evidence, continued as follows: "You may believe a witness in whole or in part or entirely believe or disbelieve their testimony. If the testimony of the witnesses conflict you must remove the conflict, if you can. But if you cannot you have a right to believe that witness on whose side rests the greater weight to you under all the circumstances herein, and reject the balance—and render your verdict in accordance with the preponderance of the evidence." Entirely to believe or disbelieve a witness is the province of the jury, but it has no right arbitrarily and without cause to disregard his testimony. If the jury in this case was composed of men of average intelligence, no harm could come from this instruction, for unless there was some reason other than this instruction, and none is made to appear, the jurors, under their oath to try the case according to the law and the evidence, we are satisfied, gave due credit to each witness. The instruction, in the particular to which reference is made, is not approved, for the reason that it should be more definite and specific. However, we have concluded that it is not erroneous on that account.

Judgment affirmed.

Ibach, C. J., Lairy, Felt and Adams, JJ., concur.

Hottel, J., not participating.

NOTE.—Reported in 100 N. E. 31. See, also, under (1) 26 Cyc. 1384, 1392; (2) 26 Cyc. 1134; (3) 38 Cyc. 1927; (5) 26 Cyc. 1133:

(6) 26 Cyc. 1482; (7) 3 Cyc. 348; (8) 26 Cyc. 1447; (9) 26 Cyc. 1491; (10) 38 Cyc. 1724. As to the doctrine of contributory negligence and assumption of risk in the law of master and servant, see 97 Am. St. 884. Injury to employe from projecting screws in moving machinery, see 48 L. R. A. 96.