## STIMSON *v.* KRUEGER.

[No. 9,143. Filed January 25, 1917.]

1. MASTER AND SERVANT. — *Injuries to Servant.* — *Action.* — *Complaint.*—*Sufficiency.*—On an employe's action for personal injuries, a complaint alleging that plaintiff was ordered to put chains around a log preparatory to moving it, and while he was so doing a fellow servant was directed to start a team hitched to the chain and that he did so negligently and without any warning, thereby causing plaintiff's injury, is not defective as showing that plaintiff gave the order to the driver to start, especially in view of the allegation that the team was started without any warning to plaintiff. pp. 570, 571.

2. MASTER AND SERVANT.—*Employers' Liability Act.*—*Scope.*—The Employers' Liability Act (§8020a Burns 1914, Acts 1911 p. 145) does not authorize a recovery by the employe for injuries resulting from his own independent orders and directions, whether given negligently or otherwise. p. 570.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Employers' Liability Act.*—*Acts of Fellow Servant.*—The fellow-servant rule is eliminated in cases brought within the provisions of the Employers' Liability Act (§8020a Burns 1914, Acts 1911 p. 145). p. 571.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Liability of Master.*—*Complaint.*—Where, in an employe's action against the master for personal injuries, the complaint alleges that defendant employed more than five persons, that at the time of the injury, plaintiff, in pursuance to the orders of his foreman and in the line of his duty, was putting a chain around a log preparatory to moving it and that while he was so engaged a fellow servant was directed by the foreman to haul the log and that he started a team hitched to the chain negligently and without warning, thereby causing plaintiff's injury, the allegations of the

complaint are sufficient to bring the case within the provisions of the Employers' Liability Act (§8020a Burns 1914, Acts 1911 p. 145). p. 571.

5.   APPEAL.—*Review.—Evidence.—Sufficiency.*—The court on appeal can reverse the judgment of the trial court because of insufficient evidence only when there is no evidence to support any element or fact necessary and essential to a recovery. p. 573.

6.   APPEAL.—*Review.—Instructions.—Record.—Failure to Show Filing of Instructions.*—In order that instructions given and refused may be brought into the record under §561 Burns 1914, Acts 1903 p. 338, relating to making instructions a part of the record without a bill of exceptions, they must be filed, and there must be an entry so showing. p. 573.

7.   APPEAL.—*Review.—Instructions.—Record.—Sufficiency.—Statute.*—Where the record shows that appellant was given time to present a bill of exceptions containing the instructions tendered and those given and refused by the trial court, but discloses no such bill, the instructions are not brought into the record in the manner authorized by §660 Burns 1914, §629 R. S. 1881, providing that when the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within the time allowed, present a proper bill of exceptions to the judge for signing and that the same shall be filed. p. 573.

From Pike Circuit Court; *John L. Bretz*, Judge.

Action by Louis Krueger against Jacob V. Stimson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*R. W. Armstrong*, for appellant.

*R. M. Milburn, M. A. Sweeney* and *Bomar Traylor*, for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor, in an action brought by him to recover for personal injuries alleged to have been caused by appellant's negligence. The issues of fact were tendered by a complaint in one paragraph and a general denial. A demurrer to the complaint for want of facts, a motion for judgment on the answers to interrogatories and a motion for new trial, filed by appellant, were each overruled and exceptions properly saved. Each of said rulings is assigned as error in this court and relied on for reversal.

The grounds upon which the sufficiency of the complaint is

challenged, as set out in the memorandum accompanying said demurrer, are, in substance, as follows: (1) It appears on the face of the complaint that the cause of action therein stated is predicated on the act of the legislature, approved March 2, 1911, commonly known as the "Employers' Liability Act," and such act has no application to the cause of action described in appellee's complaint. §8020a *et seq.* Burns 1914, Acts 1911 ·p. 145; (2) the complaint fails to show any duty owed by appellant to appellee which was neglected; (3) the complaint fails to show any order given by appellant to appellee that was negligently given; (4) the complaint shows on its face that the negligence, if any, responsible for the injury was the negligence of a fellow servant.

The averments of the complaint affecting said questions are in substance as follows: Appellant owns and operates a saw mill in Huntingburg, Dubois county, Indiana, and is engaged in the purchase and sale of timber, logs and lumber, and in such mill saws and cuts lumber of all kinds; that in the operation of his said mill and business, he employs more than five persons, to wit, fifty men; that logs purchased and delivered to appellant's mill are brought in on wagons and trains and are unloaded in said mill yard by appellant's employes in the following manner: They are rolled off of the wagons and freight cars on a skidway. A chain is then attached to said logs and a team, hitched to the other end of the chain, pulls and rolls said logs to the place and position desired, piling them one upon another, six or seven logs high. On October 9, 1912, appellee had been employed by appellant for about one year and, on said day, was directed by appellant's foreman and vice principal, Harry Maley, to go into the yard and help one James Collins pile logs that were then being unloaded from cars upon said skidway; *and appellee "was directed by said foreman to put the chains around said logs, and when said chains were around said logs the said  *  *  * Collins was directed to*

drive up said team and pile said logs upon one another with said team," and while appellee was thus engaged in putting a chain around one of said logs upon said skidway, which chain was attached to a double tree to which two horses of said defendant were hitched, said Collins carelessly and negligently started up said team without any warning to appellee; that appellee was at said time standing in front of said logs and between said log and the pile of logs upon which said log was to be placed, and the team was on the other side of said pile; that said log to which the chain was being attached was about five feet from said pile of logs upon which it was to be placed, and when said team was so carelessly started by Collins and said log began to move appellee immediately began to halloo to Collins to stop the team and at the same time attempted to escape by jumping and trying to climb over said log, but was in some way caught and rolled along with said log to said pile when one arm and leg were caught between said log and said pile of logs and broken and crushed, etc. *That said injuries were caused wholly by the carelessness and negligence of appellant's employe in starting up said team without any warning to appellee while he, appellee, was in said dangerous and precarious position;* that when he received his injuries, appellee was in the line of his duty, obeying the orders and directions of appellant's said foreman and vice principal, to whose orders and directions appellee was obliged to conform.

If we correctly interpret appellant's brief, the first three grounds of his objection to the complaint set out in his memorandum, indicated *supra,* are based upon a contention

1.    that the complaint shows upon its face that the orders and directions under which Collins started the team and caused the log in question to be moved by appellant, were orders and directions given by appellee himself. Of course, the statute under which the action was brought

2.    does not authorize recovery by the employe for injuries resulting from his own independent orders and

directions whether given negligently or otherwise, and if the complaint in fact shows that appellee gave the order and direction to Collins to start the team, and that such order and direction was the proximate cause of his injury, the demurrer thereto should have been sustained.

1. However, we do not so interpret such averments, nor do we think them fairly susceptible of such interpretation. While the language of the first part of the italicized averments, *supra,* is somewhat vague and uncertain as to who directed and gave the order to Collins to start the team, it clearly appears from the other averments, which follow, that, at the time of his injury, appellee did not give any order or signal to start the team, but that *the team was started by Collins without any warning to appellee,* and at a time when he was still doing the work and carrying out the order of his superior, which placed him in a position of peril and danger if the log were moved before he had performed his work and gone to a place of safety.

As to the fourth ground of objection, *supra,* it is sufficient to say that the fellow-servant rule is eliminated in cases brought within the provisions of the act of 1911, 3. *supra. Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 680; *Central Ind. R. Co.* v. *Clark* (1916), 63 Ind. App. 49, 112 N. E. 892. For interpretation and construction of other provisions of said act, see *S. W. Little Coal Co.* v. *O'Brien* (1916), *ante* 504, 113 N. E. 465; *Standard Steel Car Co.* v. *Martinecz* (1916), — Ind. App. —, 113 N. E. 244. The averments of the complaint above indicated 4. are, we think, clearly sufficient to bring the case within said statute, as construed and interpreted in said cases, and sufficient to meet all the objections of appellant above indicated.

No material or essential fact is found by the answers to interrogatories that is in irreconcilable conflict with the

general verdict. Indeed, such answers are in harmony with, and tend to support, rather than contradict, such verdict. It follows that no error resulted from the ruling on appellant's motion for judgment on such answers. *Lake Erie, etc., R. Co.* v. *McConkey* (1916), 62 Ind. App. 447, 113 N. E. 24, and cases there cited.

In support of his contention that error resulted from the ruling on his motion for new trial, it is insisted by appellant that there is no evidence that Collins was directed by anybody other than appellee to start the team at the time he, appellee, was injured, and that the team was in fact started pursuant to appellee's signal and direction. There is evidence which might have justified the trial court or jury in reaching such a conclusion, but the appellee himself testified, in substance, that on the morning of his injury he had been ordered and directed by appellant's foreman, Mr. Maley, to help Collins "double-deck" logs; that Maley instructed him in said matter and directed him to attach the chain to the log to be moved, etc.; that they had moved about two dozen logs before they attempted to move the one by which appellee was injured; that in moving the other logs, he, appellee, attached the chain to the log and went out from between it and the pile on which it was to be placed, where he could be seen by Collins, and would then give him the signal or tell him to go ahead; that this course was pursued at the direction of Collins; that while attaching the chain to the log which injured him, it began to move just as he was starting to get up after attaching the chain before any signal or direction had been given by him to Collins; that while he was still in front of the log and before he could escape and get from between it and the pile on which it was to be placed, he called to Collins to stop the team and tried to jump and climb over the log, but was caught, etc.; that he gave Collins no signal or directions to move the log and that Collins gave him no knowledge or warning that he was going to move it.

The jury, both by their general verdict and by their answers to interrogatories, found the facts upon this branch of the case to be as testified to by appellee. It is only in those cases where there is no evidence to support one or more of the facts or elements necessary and essential to recovery that this court can reverse the judgment below because of insufficient evidence. *H. A. McCowen & Co.* v. *Gorman* (1912), 51 Ind. App. 523, 530, 100 N. E. 31, and cases cited.

The action of the trial court in giving and refusing to give certain instructions is challenged by appellant's motion for new trial and urged here as error. It is claimed by appellee that this alleged error is not presented by the record because there is no entry showing the filing of said instructions. We have examined the record and find that it supports appellee's contention. In order that the instructions may be brought into the record under §561 Burns 1914, Acts 1903 p. 338, an entry showing their filing is essential. *Morgan Construction Co.* v. *Dulin* (1915), 184 Ind. 652, 109 N. E. 960; *Suloj* v. *Retlaw Mines Co.* (1914), 57 Ind. App. 302, 107 N. E. 18; *Peterson* v. *Liddington* (1915), 60 Ind. App. 41, 108 N. E. 977. The record shows that appellant asked and was given time in which to prepare and present a special bill of exceptions containing the instructions tendered and those given and those refused by the court, but the record fails to disclose any such bill; and hence there is a failure to bring the instructions in the record in the manner authorized by §660 Burns 1914, §629 R. S. 1881. The instructions are not brought into the record in any way recognized by law; and hence cannot be considered.

Finding no available error in the record, the judgment below is affirmed.

NOTE.—Reported in 114 N. E. 885. Employers' liability act: "injury arising out of and in course of employment," what is, Ann. Cas. 1914D 1284; validity of, as exempting certain employments, Ann. Cas. 1914D 404.