No. 16,252.

## City of Columbus v. Strassner.

| 138 | 301 |
|---|---|
| 150 | 518 |
| 138 | 301 |
| 167 | 527 |
| 138 | 301 |
| 171 | 701 |

Change of Venue.—*Sufficiency of Affidavit.—Court Rules.*—An affidavit for a change of venue, made after the time limited by court rule, is not sufficient where it states no legal excuse for not making the application within the time fixed by the rules of the court.

Physician and Patient.—*Physician's Bill for Treatment of Wife.—Liability for.—Assumption and Payment by Wife.*—While a physician's bill for treating the wife is generally the debt of the husband, yet the wife may treat it as her own debt, and pay it.

Same.—*Skillfulness of Physician a Question of Fact.—Presumption.—Instruction to Jury.*—The law raises no presumptions as to the skillfulness of a physician in regular practice, nor that the patient will obey the directions of the physician. Such presumptions are inferences of fact to be drawn by the jury from the evidence or from a given state of facts, and it is error for the court to instruct the jury as to what inferences they shall draw.

Instructions to Jury.—*When Properly in the Record.—Bill of Exceptions.*—Where the words, "given and excepted to by the defendant, February 20, 1891," are written after each instruction given by the court of its own motion, which is signed by the judge trying the cause, and all these instructions, as well as all others given and refused, are embraced in a proper bill of exceptions which was regularly filed, as shown by the record entry, the instructions and the exceptions indorsed thereon are properly in the record.

From the Decatur Circuit Court.

*C. J. Kollmeyer*, for appellant.

*F. E. Gavin* and *J. C. Orr*, for appellee.

COFFEY, C. J.—This was an action by the appellee against the appellant, to recover damages sustained by the appellee on account of a personal injury suffered by reason of a defective and unsafe sidewalk. No question is made as to the sufficiency of the pleadings in the cause. A trial by a jury resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of error calls in question the correctness of the ruling of the circuit court in overruling the appellant's motion for a new trial.

It is contended by the appellant that the circuit court erred:

*First.* In overruling an application for a change of venue.

*Second.* In admitting improper and incompetent evidence to go to the jury on behalf of the appellee.

*Third.* In its instructions to the jury.

The parties entered into an agreement to the effect that, if the appellant filed an affidavit sufficient to entitle it to a change of venue, the cause should be sent to the Shelby Circuit Court. The affidavit was not filed until it was too late, under the rules of the court, and the application for a change of venue was refused for that reason. It is contended by the appellant that, by reason of the agreement, the court erred in this ruling, but we think otherwise. The affidavit was not sufficient to entitle the appellant to a change of venue, for the reason that it failed to state any legal excuse for a failure to make the application within the time fixed by the rules of the court.

The court did not err in admitting the evidence of which the appellant complains. While it is generally true that a physician's bill for treating the wife is the debt of the husband, we perceive no reason why she may not treat it as her own debt, and pay it. If the appellant was liable at all in this case it was liable for the medical bill rendered necessary by the appellee's injuries. It can make no difference to it whether it pay such bill to the wife or to the husband.

If the wife paid it out of her own separate means, the husband can not recover it, so the appellant is in no danger of being compelled to pay it more than once.

The appellant contends that the court erred in giving to the jury instructions numbered four, five, six, twenty-five, twenty-eight, and twenty-nine.

We think all the instructions of which complaint is made, except twenty-eight and twenty-nine, state the law correctly. Twenty-nine states the law too favorably to the appellant.

Instruction twenty-eight is as follows:

"28. If the plaintiff called a physician regularly engaged in the practice of his profession, to treat her injuries (if she was injured), the presumption would be that he was a reasonably skillful one, and that she followed his instructions in her conduct and use of her limb; and in such case she should not be held responsible for any mistakes he may have made in the treatment of her case; nor should her damages, if you find that she is entitled to recover damages, be reduced thereby."

In giving this instruction to the jury, we think the circuit court erred.

There was a controversy between the appellant and the appellee as to whether the latter had exercised ordinary care in the selection of a physican to treat her injuries. There was much evidence introduced by the appellant

tending to show that the physician mistook the nature of the appellee's injuries, and, as a consequence, did not properly 'treat her.    Under these circumstances, we think the question as to whether the physician was skillful and the question as to whether the appellee followed his directions should have been left to the jury.

As to whether a physician in regular practice is to be presumed skillful or otherwise, we think must necessarily depend on circumstances.    If he should lose all his patients, the presumption, perhaps, would arise that he was not skillful; while, on the other hand, if his practice should be attended with success, the presumption of skill would arise.    From the fact that a physician was in regular practice, if nothing to the contrary appeared, the public would, perhaps, have the right to presume the further fact that he was skillful.    So, for the reason that the patient would be likely to incur additional pain by disregarding the instructions and directions of his physician, it is fair to presume, as a fact, that he will obey such instructions and directions.    But the law indulges no presumptions upon the subject.    They are presumptions of fact and not of law.

It is the province of the jury to draw presumptions of fact from the evidence or from a given state of facts, and it is error for the court to instruct it as to what inferences they shall draw.

In the case of *Union Mut. Life Ins. Co.* v. *Buchanan*, 100 Ind. 63, it was said by this court:    "It is not proper for the court to instruct the jury as to mere inferences of fact which it is their duty to make from the evidence. Instructions should state legal principles, not declare inferences of fact.    They may be declarations of law, but not commentaries upon evidence.    The law is for the court; the facts are for the jury.    Inferences from proved facts must be made by the triors of the issues of fact."

The City of Columbus v. Strassner.

In the same opinion, the court quoted with approval, from Thompson Charge to Juries, the following: "It is, therefore, merely a repetition of what has already been said, to say that it is for the jury, and not for the judge, to draw presumptions of fact; and that, for the judge to tell the jury what presumptions of fact they ought to draw from a given fact or series of facts, is a usurpation of their functions."

Upon this subject our cases seem to be uniform. *Woollen* v. *Whitacre*, 91 Ind. 502; *Garfield* v. *State*, 74 Ind. 60; *Millner* v. *Eglin*, 64 Ind. 197; *Newman* v. *Hazelrigg*, 96 Ind. 73; *Finch* v. *Bergins*, 89 Ind. 360.

Upon an examination of the entire record, we can not say that this instruction did not injuriously affect the appellant.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed April 25, 1893.

## ON PETITION FOR A REHEARING.

COFFEY, J.—In considering the petition for a rehearing in this case we deem it unnecessary to say anything in addition to what has already been said except what it may be necessary to say in relation to the petitioner's objection that the instructions of the trial court to the jury are not properly in the record.

Under the practice in this State there are three modes by which instructions may be made part of the record of a cause, viz:

*First.* By order of the court.

*Second.* By special exceptions written upon the margin, or following each instruction and signed by the judge.

*Third.* By a general bill of exceptions. *Ohio, etc., R. W. Co.* v. *Dunn*, 138 Ind. 18.

In this case the words "given and excepted to by defendant, February 20, 1891," were written after each instruction given by the court on its own motion, after which follows the signature of the judge trying the cause. All of these instructions, as well as all other instructions given and refused, are embraced in a proper bill of exceptions which was regularly filed as shown by the record entry.

This, we think, was sufficient to bring the instructions, together with the exceptions indorsed thereon, into the record. The filing of the bill of exceptions containing these instructions and exceptions was a substantial compliance with the statute requiring the instructions to be filed where the exceptions are taken in the manner above indicated. We have not deemed it necessary to inquire whether the evidence is properly brought into the record, for the reason that instruction twenty-eight, given by the court to the jury, is erroneous under any supposable state of the evidence. By it the court assumes to tell the jury what presumptions of fact they are required to draw from the existence of other given facts.

This was, we think, clearly an assumption by the court of the functions of the jury, and was, for that reason, erroneous under any state of facts that might have been proven under the issues in the case.

The petition for a rehearing is overruled.

Filed June 7, 1894.