## MERIDIAN LIFE AND TRUST COMPANY *v.* EATON.

[No. 5,855. Filed June 18, 1907. Rehearing denied November 8, 1907. Transfer denied January 28, 1908. Motion to reconsider denial of transfer overruled February 10, 1908.]

1.  TRIAL.—*Special Findings.—Motions to Modify, Amend and Supplement.*—Motions to modify, amend or add to special findings are not recognized by the code; and the overruling thereof does not constitute error. p. 121.

2.  SAME.—*Special Findings.—Mistakes in.—Receipt of Money.—Demand.—Interest.*—A mistake in the special findings as to the date of defendant's receipt of the money sued for is immaterial, where interest on such money was correctly computed only from the date of demand, the date of which was correctly found. p. 121.

3. CONTRACTS.—*Third Parties.—Ratification.—Defenses.—Liability for Money Received.*—In an action against defendant for money had and received, it is no defense that plaintiff had a written contract with others that such money should be repaid to him by defendant and them in a certain way, where there is no showing that defendant ever adopted, ratified or consented to the terms of such contract, there being no claim that such money was received as a gift. p. 122.

4. APPEAL.—*New Trial.—Weighing Evidence.*—A new trial will not be ordered, on appeal, where the record discloses some evidence tending to prove the necessary facts. p. 123.

5. CONTRACTS. — *Corporations. — Receipt of Money. — Assumpsit.* —Where one of defendant insurance company's directors proposed to plaintiff that if plaintiff would advance $3,000 to such company he would receive a position with a salary at $100 per month and that the $3,000 would be repaid in a certain manner, and subsequently at a meeting of the board of directors plaintiff was elected director and assistant secretary, whereupon he paid to such company $3,000, which was used by such company, and such directors, except plaintiff, executed a contract to act as a unit in perpetuating themselves in office and to pay themselves, as soon as the business would permit, for their services in promoting the company, such money was received at the company's special instance and request, and it is liable therefor. p. 123.

6. CORPORATIONS.—*Promoters.—Question for Jury.*—Whether plaintiff, in an action against a corporation for money had and received, was a promoter, is a question of fact. p. 125.

7. APPEAL.—*Parties.—Death.*—Where appellee dies after submission of the appeal and before a decision of affirmance, the judgment will be entered as of the date of submission. p. 126.

8. CONTRACTS.—*Third Parties.—Accepting Benefits.—Denying Liability.*—A third party, in whose favor a contract is made, cannot at the same time accept the benefits thereof and deny the liabilities imposed thereby. p. 126.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Action by Ezra F. Eaton against the Meridian Life and Trust Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Frank L. Littleton* and *Robert W. McBride*, for appellant.

*Guilford A. Deitch, Charles A. Weathers* and *William S. Christian*, for appellee.

MYERS. J.—Action by appellee to recover money averred to have been advanced by appellee to appellant.

The first paragraph of the complaint was for money had and received. The second paragraph avers that appellant borrowed $3,000 from appellee, and orally promised to repay the same "as soon as the business of the company would permit;" that appellant has certain assets specified, and that appellee, being informed by appellant, and having knowledge of the fact, that it was in position to pay such claim, demanded payment, which was refused. Appellant answered by general denial and six paragraphs of affirmative answer. Appellant also filed a counterclaim in two paragraphs, and an answer of set-off in two paragraphs. Appellee replied by general denial and a plea of *non est factum*. Trial by the court, and, at the request of the parties, special findings were made. Conclusions of law were stated thereon in favor of appellee. Appellant's motions to amend and modify the findings and to find additional facts, and for a new trial, were overruled, and judgment rendered against appellant for $3,785.

The special findings are, in substance, as follows: Appellant is incorporated under the laws of this State, and has at all times since its incorporation been authorized to conduct a life insurance business. On December 23, 1898, appellant received from appellee, by and through its directors, officers and agents, the sum of $3,000, which sum was paid by appellee to appellant on that date at the special instance and request of appellant, by and through its directors, officers and agents, by his check drawn upon his account at a certain bank, which check was made payable to appellant and was indorsed and cashed by appellant. The money received on the check was deposited by appellant to its account in the same bank, on which the check was drawn. The money so received was used by appellant for the payment of its then outstanding debts and obligations, matured and maturing. This $3,000 was payable on or after appellant had made its annual report to the Auditor of State for the year ending December 31, 1898. Before bringing this action appellee on

September 27, 1900, demanded of appellant payment of said sum, which was refused, and all liability for the same denied. The interest on such sum from the date of the demand is $785, and no part of such principal sum and interest thereon has been paid. Appellee at the time he paid appellant the $3,000 was not, "nor is he now, nor has he been, indebted to appellant in any sum whatever, either by his promissory note or on account or otherwise." Appellee was not a promoter of appellant company. Neither the whole nor any part of said $3,000 was ever paid by appellee to appellant for the promotion of the company, nor was said sum or any part of it received and paid out by appellant for that purpose, but said money was received and expended by appellant company in the payment of its own debts and liabilities which it had incurred after the company had been fully organized. The note mentioned and set forth in the counterclaim and set-off pleaded by appellant was never executed by appellee. "The counterclaim and set-off pleaded by defendant is not sustained by the evidence."

Error is assigned on the refusal of the court to amend and correct the special findings. This ruling of the court was correct. There is no provision in our code of procedure authorizing parties "to file, as part of the proceedings in a cause, a motion to modify," amend or add to the special findings. *Jones* v. *Mayne* (1900), 154 Ind. 400; *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 180, and cases cited.

1.

Considering the other questions discussed by counsel for appellant, it appears from the first paragraph of the complaint that the money was advanced to appellant June 8, 1899. The findings show that it was received December 23, 1898, at the special instance and request of appellant, by and through its directors, officers and agents; that it was received by check, which was indorsed and cashed by appellant. The findings also state that this money was payable on or after December 31, 1898. Even if

2.

there is no evidence to support this last finding, there is evidence that appellee demanded the money in September, 1900, and that appellant refused to pay it, and denied any and all liability to appellee for the same. The exact date when the money was payable by appellant is a material fact only so far as it fixes a time when interest should commence. That date is fixed by the date of the demand and refusal, and interest is computed from that time in the finding. There was a written contract executed on June 8, 1899, by appellee and others, who were directors of appellant company; but appellee was not contracting with the company, and in their contract no one was representing appellant, and there never was a ratification or an adoption of the contract by appellant. It might be that, under the contract between appellee and the other directors, appellee placed himself in the position of a promoter of appellant company, and, if so, it was under contracts to which appellant was not a party, and was in nowise bound. The court finds as a fact, and there is evidence to sustain the finding, that the money was received and used by appellant for the payment of its then outstanding debts and obligations matured and maturing. Neither paragraph of the complaint proceeds upon the theory that appellant is liable upon any written contract. It is argued that appellee paid the money to appellant by virtue of the written contract between appellee and the other directors, of date December 1, 1898; but it is earnestly insisted by counsel for appellant that appellant was not a party to this contract, and is in nowise bound by it. If this be true, we fail to see how appellant can successfully claim to hold this money because of these contracts. It pleads these contracts in its defense to the action. The money appellee seeks to recover was not paid into a common fund for the purpose of promoting appellant as an insurance company. The money was received by appellant and used by it in carrying on the business of the corporation. If appellee failed to carry out a contract which he made, it was

not any contract with appellant.   This is conceded.   If appellant was not a party to this contract, and did not adopt or ratify it, it did not receive the money by virtue of the contract.   But the fact is found that it did receive the money from appellee, and used it in its corporate business.   If not a gift—and no claim is made that it was—it must have received it under either an express or an implied promise to repay it.

The questions argued by appellant in support of its motion for a new trial depend upon whether the decision of the court is sustained by sufficient evidence.   The rule is 4.   that where the record discloses evidence from which necessary material facts to support the judgment may be drawn, the action of the trial court will not be disturbed on appeal, for the reason that the question is one depending upon the weight of the evidence, and is for the jury and trial court.   *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219.

It appears from the evidence in this case that in the latter part of November, 1898, appellee was seeking employment, and was informed by one of appellant's directors 5.   that he might obtain a position with appellant, but it would cost him $4,000.   Later he was informed by the same party that if he would put up $3,000 he could secure the position with a salary of $100 per month; that the $3,000 would be repaid to him; that $1,500 of the amount would be evidenced by a note drawing eight per cent interest, the balance to be paid from a fund to be produced by taking $1 for each $1,000 of insurance in force at the end of each year, divided among those who had advanced money.   This proposition appellee signified a willingness to accept.   Thereafter, on December 21, 1898, appellee by request attended a meeting of the board of directors of appellant held at its office.   At this meeting, and as a part of the business transacted by appellant, appellee was elected a director, and made assistant secretary of appellant, with a

salary of $100 per month. This done, and while the board was in session, one of its directors put the question to appellee as to when he could pay the $3,000, to which appellee answered it would be paid on the following day. On the next or second day following, said sum was paid by appellee to appellant by check drawn in its favor on the Capital National Bank, and the money thus obtained was used by appellant in carrying on its business. About the time appellee executed said check, a contract, purporting to have been executed December 1, 1898, was presented to him, which he signed. The signers of this contract are all named in the body thereof, except appellee, and it purports to evidence an agreement between the persons thus named, "each with the other, and with all the others as individuals, and with the whole number. as the directors and managers of the Meridian Life & Trust Company of Indiana." The stipulations of this contract were to the effect that parties thereto would act as a unit in perpetuating themselves as directors and officers of the company, and agreeing that, for services rendered and money advanced in organizing, promoting and managing said company since its organization, there was due to each of the parties the sum of $1,500, to be paid January 1, or as soon thereafter as the business of the company would permit such liability to be shown; that the board of directors of the company would cause to be issued to each of the parties one promissory note for $1,500, drawing eight per cent interest, payable semiannually, and signed by the president and secretary, and also providing that $1 for each $1,000 of insurance in force at the end of each year should be taken from the expense fund, and the amount thus accumulated divided equally during the following year between the parties to the contract, and "shall be in addition to the obligation herein mentioned and to any and all salaries allowed to said parties as directors and officres of said company." The contract of June 8 is practically the same as the contract of December

1, except in the former four new names appear to take the place of four found in the latter.

There is no evidence showing that the company ever adopted or ratified this contract or assumed any liability by reason thereof. It is clear that this contract is only in the interest of the parties thereto, and was executed by them as individuals. The fair inference to be drawn from the contract of December 1, and other evidence disclosed by the record, is that this agreement was entered into by all the parties thereto except appellee on December 1, 1898. It is also a fair inference to be drawn from the evidence that appellant was acting through its board of directors on December 21, 1898, when appellee agreed to pay appellant the $3,000. The signing of the contract by appellee came later.

Considering the situation of the parties at that time—appellee, on the one side, seeking a position and having been informed by one of appellant's directors that in case he paid said sum of money to the company it would be repaid to him, and appellant, on the other side, in need of money with which to carry on its business—together with said action of its board, would justify the inference that said sum was paid by appellee and received by appellant at the latter's special instance and request.

Appellant has cited many authorities in support of the proposition that a corporation cannot be bound by contracts made by its promoters unless the corporation 6. expressly ratifies or assumes such contracts. We have no fault to find with this statement of the law, but it is not applicable to the facts in this case. The question whether appellee was a promoter of appellant was one of fact to be determined by the trial court. This fact was settled in appellee's favor. Appellant did change its directors in January, and its officers and directors in June, 1899, but from these facts alone it does not necessarily follow that such new officers or directors were promoters. There is evidence in

the record from which it appears that when appellee paid his money to appellant it was fully organized and engaged in business. It does not appear that it had no power to borrow money, or that it would not be liable for any debt incurred in connection with its legitimate affairs. In our judgment all questions arising between the parties to the contracts of December 1, 1898, and June 8, 1899, were matters for settlement between themselves, and can in no way affect the rights of the parties to this action.

The death of appellee since the submission of this cause having been suggested, the judgment herein on appeal is therefore ordered entered as of the date of submission.

Judgment affirmed.


## ON PETITION FOR REHEARING.

MYERS, J.—On petition for a rehearing, appellant earnestly insists that the court erred in holding that the contract of December, 1898, did not "protect" it from liability to repay $3,000 received from appellee. Appellant states its position as follows: "Our contention is that the company is 'protected,' not 'bound,' by the contract. We respectfully insist that there is no inconsistency between a claim that the company was not bound by that contract and a claim that the contract serves to protect it against any direct liability to the appellee. The appellant did insist and still insists that it has never recognized or acknowledged any liability growing out of the contract, and in that sense has never 'ratified' or 'adopted' it, that is, it has never recognized the contract as imposing any liability upon it to account for or refund the money received under it."

By reference to the contract, a stipulation will be found whereby the appellant was to execute its promissory note to the appellee for $1,500, with eight per cent interest, payable semiannually, due in ten years, and set aside from the ex-

pense fund $1 for each $1,000 of insurance in force at the end of each year, to be divided annually between the parties to the contract. No claim is made that it ever complied or offered to comply with that stipulation. While appellant pleads the contract as a defense, he does not aver that it is able, ready and willing to perform the conditions thereby imposed upon it, nor did it offer any evidence tending to prove a willingness to comply with the conditions in the contract by it to be performed. It proceeds upon the theory of a contract entered into by the individuals for its benefit, and having received the benefit, to that extent only had the contract been ratified, but as to the burden imposed, it disclaimed liability and refused to be bound by it, on the ground that it is not a party to the contract and has never ratified nor adopted it.

We are still unable to see how a party may accept the benefits of a contract, and at the same time refuse to be bound by its terms and conditions. The rule is that under a contract made for the benefit of a third party, in case such third party avails itself of its advantages, the law creates a privity, and he must bear the burdens that properly belong to him as a party to the contract. *Johnson* v. *Central Trust Co.* (1903), 159 Ind. 605; *Foster* v. *Leininger* (1904), 33 Ind. App. 669; *Miller* v. *Billingsly* (1873), 41 Ind. 489; *Miller* v. *Land & Lumber Co.* (1872), 66 N. C. 503. ''A contract cannot be affirmed in part and rejected in part; it must be totally repudiated or not repudiated at all.'' *Leake* v. *Ball* (1888), 116 Ind. 214. It is upon this theory that we hold that appellant was not entitled to the benefit of the contract as a defense to this action.

Petition for rehearing overruled.