## CENTRAL INDIANA RAILWAY COMPANY *v.* CLARK.

[No. 9,041.  Filed June 1, 1916.  Rehearing denied October 25, 1916.]

1.  MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Fellow-Servant Doctrine.—Instruction.*—In an action for injuries to plaintiff caused by the breaking of a drift pin, an instruction that defendant was not liable, if the boilermaker with whom plaintiff was working at the time of the injury procured the defective drift pin from the blacksmith shop instead of from the tool room where defendant kept the supply of drift pins for use in the shop, was properly refused, since it is based' on the fellow-servant doctrine which was abolished by §1 of the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914).   p. 51.

2.  MASTER AND SERVANT.—*Injuries to Servant.—Liability of Master.*—In an action by a boiler-shop employe for personal injuries sustained by the breaking of a defective drift pin, the act of defendant's boiler maker who had charge of the boiler repair work, in getting the drift pin from the blacksmith shop rather than from the tool room, where tools and supplies were provided for use in the shops, was the act of the defendant and he was responsible therefor.   p. 51.

3.  MASTER AND SERVANT.—*Injuries to Servant.—Duty to Furnish Safe Tools.—Instruction.*—In an action for personal injuries, an instruction that it was the employer's duty to furnish safe tools and appliances for its servants to work with was too broad a statement of the law.   p. 52.

4.  APPEAL.—*Harmless Error.—Instruction.*—In an employe's action for personal injuries sustained by the breaking of a drift pin used in the repair of a boiler, a statement in an instruction that the master was bound to furnish safe tools and appliances for his employes to work with, which was a too broad statement of the law as tending to impute that the master was the insurer of the safety of his servants, was harmless, where the jury found by answers to interrogatories, that the pin provided was not made of proper material and that it was not suitable for the purpose for which it was being used at the time of the accident.   p. 52.

5.  MASTER AND SERVANT.—*Injuries to Servant.—Defective Appliance.—Knowledge of Employer.—Burden of Proof.—Statute.*—Under §3 of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), when an appliance furnished the complaining servant has been proved defective, the burden is on the employer to prove that it did not know of the defect.   p. 52.

6. MASTER AND SERVANT.—*Injuries to Servant.—Independent Acts of Negligence.—Liability.—Instruction.*—In an action for personal injuries, a statement in an instruction that the jury should find for the plaintiff, if any of the acts of negligence charged in the complaint was established and such negligent act was the proximate cause of the injury, as it was not incumbent upon the plaintiff to prove all the acts of negligence alleged, was not erroneous, when considered in connection with other instructions given, where several distinct acts of negligence were charged in the complaint, any one of which might have been sufficient to make the defendant liable.   p. 52.

7. TRIAL.—*Instruction—Withdrawing Evidence from Jury.*—Where evidence has been stricken out on motion, the giving of an instruction withdrawing such evidence from the consideration of the jury is not error.   p. 53.

8. DAMAGES.—*Personal Injuries.—Diminished Earning Capacity.—Instruction.*—In an action for personal injuries, an instruction that the jury should consider, in assessing damages, plaintiff's diminished earning capacity, due to his injuries, was proper.   p. 53.

9. DAMAGES.—*Personal Injuries.—Medical Expenses of Minor.*—In an action by an infant for personal injuries, where there was testimony that the physician attending plaintiff had made a certain charge for his services, but it was not in evidence to whom the charge was made, it was not improper to allow plaintiff to recover for medical expenses.   p. 53.

10. DAMAGES.—*Medical Expenses of Minor.—Liability of Father.*—While a father is liable for necessaries furnished to a minor child, such as a physician's services, yet such obligation is also the debt of the minor, and he may recover for his medical expenses in an action for personal injuries.   p. 53.

From Delaware Superior Court; *Robert M. VanAtta,* Judge.

Action by Samuel R. Clark, by his next friend, Eli H. Clark, against the Central Indiana Railway Company. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*U. C. Stover, Thompson & Sprague, A. N. Van Nuys* and *James L. Murray,* for appellant.

*George W. Cromer, A. C. Gadbury* and *Harry Long,* for appellee.

IBACH, J.—Appellee recovered damages for injuries alleged to have been caused by appellant's negligence.   The

errors assigned and argued all arise upon the court's over-
ruling of appellant's motion for new trial. One charge of
the complaint was that appellant furnished appellee, an in-
experienced minor, with a drift pin made from unsuitable
material and ordered him to drive it through a hole in a
boiler that he was helping to mend; and that the pin broke
when he struck it and, by reason of the faulty material, a
piece of the broken pin flew off and hit his eye, injuring his
vision. The cause is brought under the act of 1911, (Acts
1911, ch. 88, p. 145, §8020a *et seq.* Burns 1914).

Objection is first made to the refusal to give instruction
No. 15 on appellant's request. This instruction is as fol-
lows: "If you find from a preponderance of the evi-
dence that the defendant maintained in its shop where
the plaintiff was working a tool room in which was
kept a supply of drift pins and such other tools as were re-
quired for use in its shop, and if you further find that the
boiler makers, including the said Flannigan, were each pro-
vided with a tool box in which were two or more drift pins
for their use in said shop in patching or mending boilers,
and if the evidence shows that said Flannigan, with whom
said Clark was working at the time of the injury, a few days
prior to said injury went into the the blacksmith shop and
secured a certain pin from the defendant's blacksmith in
said shop which pin afterwards broke and thereby injured
plaintiff's eye, then I instruct you to find for the defendant."

There was no error in refusing this instruction. This in-
struction was based on the fellow-servant doctrine, and this is
abolished by §1 of the act of 1911, *supra,* under consider-
ation. Further, the jury found by answer to inter-
rogatories that Flannigan was given charge of the
boiler mending and had authority to direct the work.
So far as appellee is concerned the act of Flannigan in get-
ting the drift pin in question from the blacksmith shop
rather than from the tool room was the act of appellant.

Objection is also made to instruction No. 13 given of the

court's own motion by which the jury was told, among other things, that it was the duty of appellant to furnish safe tools and appliances for its servants to work with. This portion of the instruction is too broad a statement of the law although, when considered in connection with the other instructions on the same point, it is doubtful whether the jury could have been misled into believing that appellant was an insurer of appellee's safety as contended by appellant. However, the complaint alleges, and it is found by the jury in answer to interrogatories, that the drift pin furnished by appellant to appellee to work with was made of a file, which is not proper material, and that it was not a proper and suitable drift pin for the purpose for which it was being used when broken, for the reason that it was too hard. Such finding is supported by the evidence. If there was error in the giving of the instruction, it is shown by the answers to interrogatories that such error was harmless, since the jury clearly found such a condition of the tool furnished that appellant is liable. When the pin was proved defective, the burden was on appellant to prove that it did not know of the defect. Acts 1911 (§3), *supra*.

When considered with the other instructions given, there was no error in that portion of the court's instruction No. 10, which stated to the jury that if it should "find from the evidence that the defendant was guilty of any of the acts of negligence charged in the complaint, and that such act of negligence was the proximate cause of the plaintiff's injury, then your verdict should be for the plaintiff, if he has otherwise made his case, it is not incumbent upon plaintiff to prove all the acts of negligence charged in the complaint." There were several distinct acts of negligence which were charged in the complaint, any one of which might have been sufficient to make appellant liable. Further, the jury in answer to interrogatories found appellant

had committed enough negligent acts charged to establish liability.

There was no error in the giving of instruction No. 17 whereby the consideration of certain evidence was withdrawn from the jury. The court had previously sustained the motion of appellee to strike out all of the testimony which was withdrawn by the instruction, and the record shows that such motion was sustained. The action of the court in sustaining such motion is not assigned as error. There could be no error in withdrawing from the jury by an instruction evidence which had already been stricken out on motion.

Instruction No. 16 given by the court told the jury in assessing damages, if any should be found, to consider, among other things, ''the plaintiff's ability to earn money in the support of himself, prior to his injury, and the ability of the plaintiff to earn money since the injury, as shown by the evidence; any expense the plaintiff has incurred in and about healing or curing the injuries which he has sustained, by way of physician's bills, expenses for medicine, and necessary care bestowed upon him, if any, as disclosed by the evidence.'' There was no error in allowing recovery for a diminished ability to earn money.

It is objected that as appellee is a minor, the doctor bill is a debt of the father and not of appellee. However, the instruction only allowed a recovery for expenses actually incurred by appellee, and though there was testimony that the doctor had charged $37 for his services, it was not in evidence to whom the charge was made. Although the father is liable for necessaries furnished a minor, yet the obligation for such is also a debt of the minor, and it is not improper to allow him to recover for his medical expenses. Such recovery would cut off the right of the father to recover. *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 34 N. E. 5, 37 N. E. 719; *Board, etc.* v. *Castetter* (1893), 7 Ind. App. 309, 33 N. E.

986, 34 N. E. 687; 22 Cyc 581, 582.   The evidence was
sufficient to sustain the verdict.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 892.   Master and servant: (a) de-
gree of care required of master in providing appliances, 1 Ann.
Cas. 340; (b) master's knowledge of defective appliance, effect,
98 Am. St. 303; (c) right of recovery by infant for loss of services
or diminished earning capacity during minority, 6 L. R. A. (N.
S.) 552.