MULLINS *v.* BOLINGER.

[No. 17,254. Filed June 15, 1944. Rehearing denied September 29, 1944. Transfer denied November 22, 1944.]

*McClure* and *Shenk* of Kokomo, *Campbell, Gemmill, Browne & Ewer,* of Marion, for appellant.

*Herman L. Ridenour,* of Indianapolis, and *Leo L. Bolinger,* of Rochester, for appellee.

ROYSE, J.—Appellee was a city fireman riding on the back end of a fire truck answering a fire alarm in the city of Kokomo on the afternoon of August 23, 1941, when it was in collision with a Ford car driven by appellant. This is an action for damages for personal injuries received by appellee as the result of said collision. Trial by a jury resulting in a verdict in favor of appellee in the sum of $3500. Judgment on the verdict. Appellant's motion for a new trial was overruled, which ruling is the only error assigned for reversal.

Appellant concedes the only question presented by this appeal is contained in his third specification of the motion for a new trial, which is as follows: "The court erred in giving Instruction No. 12 of its own motion. The defendant filed written objections to said instruction at the time it was offered and objected on the ground that the instruction did not cover the proper measure of damages in the case. This objection is a part of the record."

Instruction No. 12 given by the court on its own motion, is as follows:

"If you find for the plaintiff in this case, in fixing the amount of his recovery, you may take into consideration the nature and extent of his injuries, if any, arising proximately from the acts of negligence complained of; whether the same are permanent or temporary; the pain and suffering, if any, arising therefrom in the past and for any pain or suffering which the plaintiff may endure in the future, if proven; the loss of time and the effect of his injuries upon his ability to perform labor and

earn money; for reasonable medical expenses and hospital treatment in connection with said injuries, all as shown, if at all, by the evidence in this case, bearing on the question of damages. However, the jury, in determining the amount of damages should not take into consideration at all, any sums which the plaintiff may have received as a pension or any amounts which he may in the future receive as a pension or any amounts which the City of Kokomo have paid, if at all, toward the expenses of surgical, hospital, medical or nursing aid, in the treatment of plaintiff's said injuries, and you will award him such amount as will fairly compensate him for the damage, if any, which he has sustained as a proximate result of the negligence of the defendant as averred in his complaint, said amount however should not exceed the amount demanded in said complaint. . . ."

Appellant's written objections to this instruction were as follows:

"1. Said instruction does not contain the proper measure of damage, in that the court instructs the jury to disregard any evidence that the evidence might show on the question of disability pension which plaintiff testified he received from the City of Kokomo.

"2. That said instruction advises the jury to disregard any evidence that shows that the plaintiff's medical expenses and doctor bills were paid by the City of Kokomo.

"3. That the evidence shows that plaintiff was an employee as a fireman of the City of Kokomo and we think it would be proper to show it to be a fact that the City of Kokomo as a part of that employment paid the plaintiff's doctor bills and hospital expenses.

"4. The evidence shows that the plaintiff was employed as a City Fireman of the City of Kokomo, Indiana, and that he was granted a disability by the City of Kokomo because of his injuries and we think it proper to show the amount of such disability pension."

The trial court sustained objections of appellee to questions which sought to show the amount of pension appellee received from the City of Kokomo and as to whether or not said City paid appellee's medical expenses. When the court sustained these objections appellant made no offer to prove nor did he assign the Court's action thereon as a ground for a new trial.

It is appellant's position that because §§ 48-6168, 48-6169, Burns' 1933 (Supp.), provide that the city shall pay the expense necessary for medical, nursing and hospital care of firemen injured in the performance of duty, the city is primarily liable therefor and appellee cannot recover such expenses in this action. With this contention we cannot agree. There was no question of subrogation presented to the trial court. Such a question cannot be first presented here. *Garman et al.* v. *State, ex rel. Sprang* (1931), 92 Ind. App. 355, 173 N. E. 640; *Williamson* v. *Purity Bakeries of Indiana, Incorporated* (1936), 101 Ind. App. 441, 193 N. E. 717. We believe the rule is well established that any sum a person receives by way of insurance, gratuity of others, or any amount paid by the city under the above statutes, cannot be shown in mitigation of damages. Where the wrongdoer is liable for damages, he is liable for all the damages and it is no concern of such wrongdoer who ultimately gets the money. The only question of concern to him is that he is fully protected when discharged. *The City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 34 N. E. 5; *Brosnan et al.* v. *Sweetser* (1890), 127 Ind. 1, 26 N. E. 555; *Cunningham et al.* v. *The Evansville and Terre Haute Railroad Company* (1885), 102 Ind. 478, 1 N. E. 800; *Central Indiana Railway Company* v. *Clark* (1916), 63 Ind. App. 49, 112 N. E. 892; *Williamson* v. *Purity Bakeries of Indiana, Incorporated, supra; Weis* v. *Wakefield* (1942),

111 Ind. App. 106, 38 N. E. (2d) 303. In the case here under consideration the judgment herein would be a bar to any action which the City of Kokomo might institute against appellant.

The court did not err in giving the above instruction. Judgment affirmed.

NOTE.—Reported in 55 N. E. (2d) 381.

### ON PETITION FOR REHEARING.

ROYSE, J.—Appellant, in his petition for a rehearing, contends our decision is erroneous because, he asserts, the provisions of §§ 48-6168, 48-6169 Burns' 1933 ■ (Supp.), make the City of Kokomo alone liable for the medical and hospital expenses of appellee and that this statute absolves appellee from all liability for these expenses. We do not agree with this construction of the statute here under consideration. In our opinion, these provisions are a part of the contract of employment between the city and appellee. *Kirmse* v. *City of Gary* (1944), 114 Ind. App. 558, 51 N. E. (2d) 883. With this contract appellant had no concern. Certainly these provisions were not intended to relieve appellant of a part of the liability for his wrong. We find support for this position in the case of *City of Huntington* v. *Fisher* (1942), 220 Ind. 83, 40 N. E. (2d) 699, wherein our Supreme Court held the statute providing for the payment of pensions to firemen who were disabled in the performance of their duty did not exclude them from the benefits of the Indiana Workmen's Compensation Act.

Furthermore, the record in this case discloses appellant filed a plea in abatement in which he averred appellee had received payment for his medical and hospital expenses from the City of Kokomo pursuant to the statute, and had thereby subrogated his

rights to said City. Appellee answered this plea by denying the allegations thereof. On the issues thus made the trial court found against appellant. Its action in this regard has not been questioned either in the court below or here. Therefore, any question which appellant might have raised on this matter has been waived.

Upon a careful reconsideration of the question presented by this appeal, we find no reason to change our original decision.

The petition for rehearing is denied.

NOTE.—Reported in 56 N. E. (2d) 496.