SCOTT COUNTY SCHOOL DISTRICT ONE *v.* HARVEY E. ASHER, BY HIS NEXT FRIEND, EILLENE W. McCLURE.

[No. 373S61. Filed March 11, 1975.]

DEBRULER, J.—On February 22, 1971, plaintiff-appellee, Harvey E. Asher, was injured while using a bench saw in his high school class. He brought suit against defendant-appellant, Scott County School District 1, alleging negligence in installing and maintaining the saw. The jury, in a trial presided over by Judge Robert R. Brown in the Jackson Circuit Court, awarded Mr. Asher $95,000. On appeal the Court of Appeals for the First District affirmed. 312 N.E.2d 131 (1974).

One of the functions of this Court is to resolve conflicts between decisions of the different Courts of Appeal. This

is accomplished through our jurisdiction to grant transfer upon petition alleging this ground. Ind. R. Ap. P. 11(B)(2)c. Such a petition is before us in this case. The trial court permitted the injured plaintiff, an unemancipated youth of sixteen, to recover reasonable medical expenses in the claim brought in his own name. The Court of Appeals for the First District on appeal affirmed the trial court in an opinion holding that such recovery was proper. Because the Appellate Court, the antecedent of the present Court of Appeals, in *Allen* v. *Arthur*, (1966) 139 Ind. App. 460, 220 N.E.2d 658, held to the contrary that recovery in such a case would be limited to medical expenses incurred after emancipation, we grant transfer for the sole purpose of resolving the conflict. For the reasons set forth below, we agree with the Court of Appeals in this case and consequently affirm the judgment.

The issue which we have chosen to consider upon this petition is whether an unemancipated minor may recover for the medical expenses resulting from his injury.

Appellant objected at trial to the jury instruction which allowed the minor plaintiff to recover the reasonable value of the medical care he received as a result of his injuries. The objection was overruled and this ruling is a ground for this appeal. The record discloses that the contested expenses were incurred in February and June, 1971, when plaintiff was an unemancipated minor. He was sixteen, was not employed, and lived with his mother and stepfather. He was not self-supporting. He brought this action by next friend, who was not his mother, father or stepfather. Of these, only his mother testified at the trial, and she did not touch upon the subject of medical expense. Plaintiff's evidence would warrant the conclusion that the reasonable value of hospital, ambulance and physician services was $2,400.00. In addition to these special damages, plaintiff sought to establish general damages in the $175,000.00 range. The jury awarded him $95,000.00. Since Ind. R. Tr. P. 49 abolished the special verdict, the jury's award

included its determination of the reasonable medical costs. No evidence that plaintiff or anyone else had paid the bills is in the record. Plaintiff, though a minor, could certainly recover for any bills he has paid. In an analogous situation in *Columbus* v. *Strassner*, (1894) 138 Ind. 301, 34 N.E. 5, where a wife paid her medical expenses, her husband could not recover for them, although he would have been liable otherwise. Plaintiff, rather than his parent, can recover for prospective medical expenses. *E.g., Clarke* v. *Eighth Ave. R. Co.*, (1924) 238 N.Y. 246, 144 N.E. 512, and 32 A.L.R.2d 1075-76.

With this record, appellant-defendant brings this appeal. The contracts of an unemancipated minor are voidable by him. Ind. Code § 29-1-18-41, being Burns § 8-141. For example in *Bowling* v. *Sperry*, (1962) 133 Ind. App. 692, 184 N.E.2d 901, that court held that a minor could disaffirm his purchase of an auto, because the creditor could not show that it was a necessary for the minor. In *Mitchell* v. *Campbell and Fetter Bank*, (1964) 135 Ind. App. 523, 195 N.E.2d 489, even though a minor misrepresented his age, had left home and was employed, and was married within a few weeks of making the contract, and though the creditor had made diligent inquiry, the creditor could not hold the minor to his contract for an auto, which was not a necessary in the circumstances of the case. However, at common law and by statute from 1929-1963, Burns § 58-102, being § 2, Uniform Sales Act, replaced by Ind. Code § 26-1-1-103, being Burns 19-1-103, § 103, Uniform Commercial Code, if the minor contracts for necessaries, he must pay a reasonable price for them. Sound policy lies behind this exception to the protection of the minor from disadvantageous contracts, for, without the exception, a minor who was in grave need would be denied credit for goods or services.

In interpreting the common law rule of contracts for necessaries, courts have held that a minor who is living at home or being supported by his parents is not liable on his contract for necessaries. See 70 A. L. R. 572 (infant's liability for

necessaries where he lives with his parents). The reasoning of such cases is that such a child could not be contracting for necessaries, since all necessaries are being provided for his support. On such a contract, the creditor cannot recover from either child or parent, unless he can show that the parent was at that time failing to provide the child with necessaries. *E.g., Wallace* v. *Ellis,* (1873) 42 Ind. 582 (Father not liable for board of wife and children, when he was ready, willing and able to provide for them at home) ; *Stant* v. *Lamberson,* (1937) 103 Ind. App. 411, 8 N.E.2d 115 (Father not liable for ten months board of son who left home because of parental discipline, since father willing and able to furnish a good home and child could otherwise force parent to choose between allowing child his way at home or paying his support abroad; son not liable, because no one may reach his property for his support unless creditor shows that parent has no property of his own to support the child and that parent has failed or refused to support him). If the creditor can prove the need of the child, then he may recover from either child or parent.

The twin policies of protecting a child from disadvantageous contracts and of limiting the parent's duty to the provision of strict necessaries at home are not at work in contracts or implied contracts for necessary and reasonable medical services. The necessity for such services is seldom disputed. There is no reason to insulate either child or parent from the doctor's or hospital's suit. The child was not talked into an improvident purchase, nor was the parent denied his right to choose the type of necessary. Since the child received the service and it was a necessary, he is liable.

The parent also is liable because of his common law and, in some instances, statutory duty to support and maintain his child. *E.g., State* v. *Allen Cir. Ct.,* (1960) 241 Ind. 627, 170 N.E.2d 663; *Crowe* v. *Crowe,* (1965) 247 Ind. 51, 211 N.E.2d 164; and Ind. Code § 12-1-10-6, being Burns § 52-1263 (welfare) ; Ind. Code § 31-1-12-15, be-

ing Burns § 3-1219 (divorce, in effect in 1971) ; Ind. Code § 35-14-5-1, 35-14-5-2, and § 35-14-4-1, being Burns §§ 10-1401, 10-1402 and 10-1405 (criminal liability for failure to support children). This parental duty includes the provision of necessary medical care. When the child is injured, the parent also has a cause of action against the tortfeasor to recover compensation for the increased costs of such care. Ind. Code § 34-1-1-8, being Burns § 2-217.

Petition for transfer to this Court was accepted because of an apparent conflict in cases from the Court of Appeals. In *Central Indiana Rwy. Co.* v. *Clark,* (1916) 63 Ind. App. 49, 112 N.E. 892, the Appellate Court allowed a recovery for "expenses actually incurred" by the minor-plaintiff.

> "Although the father is liable for necessaries furnished a minor, yet the obligation for such is also a debt of the minor, and it is not improper to allow him to recover for his medical expenses. Such recovery would cut off the right of the father to recover. *City of Columbus* v. *Strassner,* (1894) 138 Ind. 301, 34 N.E. 5, 37 N.E. 719; *Board, etc.* v. *Castetter,* (1893) 7 Ind. App. 309, 33 N.E. 986, 34 N.E. 687." 63 Ind. App. at 53.

We agree with the opinion in the *Indiana Rwy. Co.* case, *supra,* and hold here that both parent and child are liable upon suit by the doctor or the hospital, and consequently either may be compensated for the reasonable value of medical expenses.

However parent and child divide their claim for medical expenses, that division is of no consequence to the tortfeasor, as long as he is not subject to pay twice for the same expenses. If either parent or child brings suit against the tortfeasor and claims medical expenses which have already been claimed and awarded in an earlier suit, then the tortfeasor may plead in answer that judgment and his payment pursuant thereto. *Mullins* v. *Bollinger,* (1944) 115 Ind. App. 167, 55 N.E.2d 381; *Hickey* v. *Shoemaker,* (1960) 132 Ind. App. 136, 167 N.E.2d 487. The answer should show that the pleadings, evidence and jury instructions

indicate that damages for the same medical expenses were awarded in the general damages.

In light of our agreement with the opinion of the Court of Appeals in this case, we order that such opinion be not vacated, but permitted to stand.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 324 N.E.2d 496.