DERRIK HAGERMAN, PEGGY HAGERMAN AND DAROLD HAGERMAN
v. MUTUAL HOSPITAL INSURANCE, INC. and MUTUAL MEDICAL
INSURANCE, INC.

[No. 1-777A134. Filed January 12, 1978. Rehearing denied February 20, 1978. Transfer denied May 26, 1978.]

---

*Luther G. Johnson, Mann, Chaney, Johnson, Hicks & Goodwin,* of Terre Haute, for appellants.

*George A. Brattain, Marshall, Batman, Day, Swango & Brattain,* of Terre Haute, for appellees.

LYBROOK, J. — This is an appeal by defendants-appellants Derrik Hagerman (Derrik) and his parents, Peggy Hagerman (Peggy) and Darold Hagerman (Darold), from an adverse judgment of the trial court. The sole issue for review is whether the trial court erred in granting summary judgment in favor of plaintiffs-appellees Mutual Hospital Insurance, Inc. and Mutual Medical Insurance, Inc. (Blue Cross-Blue Shield), and against Derrik.

The evidence in this case shows that Peggy was employed as a teacher. As a fringe benefit of her employment, Peggy and her dependents were covered by a group medical insurance policy issued by Blue Cross-Blue Shield.

In August, 1971, Derrick, who was an eligible dependent under the group insurance policy, was injured in an automobile accident. As a direct result of this accident, Derrik incurred medical bills totalling $1,542.10 which were promptly paid by Blue Cross-Blue Shield. It is undisputed that at the times the benefits under the group policy were paid on behalf of Derrik he was under the age of 21 years, which at that time was the age of majority. In August, 1972, Derrik filed a personal injury action against a third person for his injuries suffered in the automobile accident. This action was then settled in November, 1974, upon payment to Derrik of $14,500. Blue Cross-Blue Shield requested reimbursement from that settlement under the subrogation clause in the group policy. When Derrik refused to reimburse Blue Cross-Blue Shield, it filed this action against Derrik and his parents, which resulted in a summary judgment in favor of Blue Cross-Blue Shield and against Derrik in the sum of $1,542.10. Derrik now appeals, contending that he was contractually incompetent because of his age at the time that Blue Cross-Blue Shield paid the benefits under the insurance contract and that he therefore is not liable under the subrogation clause in the insurance contract.

We feel that the judgment of the trial court can be affirmed on a number of different theories. First of all, an insurer's right to subrogation has long been recognized and upheld in this state. *Auto Owner's Protective Exchange v. Edwards* (1922), 82 Ind. App. 558, 136 N.E. 577.

In *Edwards, supra,* the court stated that in the case of an indemnity policy, the insurer, after payment to the insured, becomes subrogated to the rights of the insured by operation of law:

> "The general rule is that where the tortious conduct of a third party is the cause of a loss within the terms of a policy of insurance, then, upon payment of the loss, the insurer becomes subrogated by operation of law to whatever right the insured may have against the wrongdoer. . . . The wisdom of that rule is apparent. To permit the insured to receive payment from both the wrongdoer and the insurer would be to give him double compensation for his loss. The wrongdoer cannot be permitted to shield himself on the theory that the loss is covered by insurance; for the contract of insurance was not made for his benefit. Manifestly, it would be unjust to compel the insurer to suffer the consequences of the wrongful act of another." 82 Ind. App. at 563.

It is also well established in this State that a minor may be held liable on a contract for necessaries. *Price v. Sanders* (1878), 60 Ind. 310. The Indiana Supreme Court recently held that this can include reasonable medical services furnished to the child. *Scott County School District 1 v. Asher* (1975), 263 Ind. 47, 324 N.E.2d 496. The Court further held in *Asher* that the parents may be liable for the value of medical services furnished to their child as a result of the parents' duty of support:

> "The parent also is liable because of his common law and, in some instances, statutory duty to support and maintain his child. [Citations omitted] . . . This parental duty includes the provision of necessary medical care." 324 N.E.2d at 499.

The Rhode Island Supreme Court was faced with an almost identical situation in *Hamrick v. Hospital Service Corp. of Rhode Island* (1972), 110 R.I. 634, 296 A.2d 15. In *Hamrick*, a seven-year

old child received benefits under his father's group medical insurance. The child subsequently recovered a judgment against a third party and the insurance carrier sued for reimbursement under a subrogation clause in the group policy. The Rhode Island Court then framed the issue as follows:

". . . Today, the soaring cost of hospital services dictates medical insurance for all individuals. Consequently, it seems incumbent upon a parent, in order to provide for the care of his minor children, to have them covered by some medical insurance plan. This makes relevant, then, the question whether in fulfilling his obligation to his child, a parent can bind a minor to a subrogation clause of the contract."

That Court then held, as a matter of equity and public policy, that a parent can bind the minor to a subrogation clause under such circumstances:

"We turn to consider, then, the question of whether the infant plaintiff here is bound under the subrogation clause of the Blue Cross contract. We hold that he was so bound, concluding that as a matter of equity and public policy a parent in the discharge of his duty to care for his child can bind that child, even though a minor, to a subrogation clause of a medical service contract."

The decision and reasoning in *Hamrick*, which we find quite persuasive, appears to be in line with the current trend of decisions in the other state courts which have considered this issue. See 73 A.L.R.3d 1140. This also seems to be in consonance with the policy announced in *Asher, supra*, which allows a minor to be held liable in contract, either express or implied, for the value of reasonable medical services rendered on his behalf. We therefore hold that Derrik is bound by the subrogation clause in the Blue Cross-Blue Shield medical insurance policy.[1]

---

1. Blue Cross-Blue Shield also argues that Derrik was a third party beneficiary to the insurance contract, and having accepted the benefits of the contract, he must now bear the burdens of that contract. *Meridian Life & Trust Co. of Indiana v. Eaton* (1907), 41 Ind. App. 118, 81 N.E. 667, 82 N.E. 480 (opinion on rehearing). In light of our holding in this case, we feel it is unnecessary to discuss this point.

In allowing reimbursement of the insurer through the right of subrogation, the trial court must always be guided by principles of equity, for subrogation is an equitable right. In this case, there is nothing to suggest that Blue Cross-Blue Shield was guilty of any bad faith conduct, and its conduct was never an issue in this case. It appears from the record that Blue Cross-Blue Shield was prompt in making payments and that it paid all medical bills covered by the policy. In addition, Blue Cross-Blue Shield notified Derrik and his parents of its right to subrogation on several occasions and made at least two offers to bear its fair share of the legal costs of Derrik's recovery in his personal injury action.

The trial court did not err in granting summary judgment in favor of Blue Cross-Blue Shield and against Derrik.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE — Reported at 371 N.E.2d 394.