**ST. MARY'S MEDICAL CENTER, INC., Appellant–Plaintiff,**

v.

**Freddie G. BROMM, Appellee–Defendant.**

**No. 82A01–9508–CV–266.**

Court of Appeals of Indiana.

Feb. 19, 1996.

Gary K. Price, David A. Guerrettaz, Ziemer, Stayman, Weitzel, & Shoulders, Evansville, for Appellant.

Glenn A. Grampp, Evansville, for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff St. Mary's Medical Center, Inc. (St. Mary's), appeals the trial court's denial of its motion for summary judgment and grant of appellee-defendant Freddie G. Bromm's motion for summary judgment.

### FACTS

The undisputed facts reveal that Freddie is the former husband of Karen Bromm and the father of Monika Bromm, who was sixteen years old and pregnant during 1993, when the events giving rise to this action occurred. From June to November, 1993, Monika received prenatal and childbirth services from St. Mary's, and amassed a bill of $16,079.93. Thereafter, St. Mary's sought payment for those services from Freddie, Karen and Monika. When payment was not forthcoming, St. Mary's filed an amended collection action against all three parties on August 3, 1994. On March 17, 1995, St. Mary's filed a motion for partial summary judgment, seeking judgment on Freddie's liability for the overdue account.[1] Freddie filed a cross-motion for summary judgment on the basis that he did not consent to be responsible for the medical expenses, and thus, should not be held liable for them. On May 17, 1995, the trial court

1. Karen and Monika failed to answer St. Mary's complaint and at the time of this appeal St. Mary's was seeking a default judgment as to them.

2. Freddie argues that the services provided to Monika were not reasonable and necessary. Freddie did not raise this factual issue to the court below, and, in fact, by filing his motion for

entered its judgment denying St. Mary's motion for partial summary judgment and granting Freddie's motion for summary judgment. St. Mary's now appeals.

### DISCUSSION AND DECISION

St. Mary's argues the trial court erred in denying its motion for partial summary judgment and granting Freddie's motion for summary judgment. Specifically, St. Mary's contends the trial court's decision ignores the fundamental principle that a father has a legal duty and obligation to support and provide for his children.

 Summary judgment is appropriate only when no genuine controversy exists. *O'Neal v. Throop,* 596 N.E.2d 984, 986 (Ind. Ct.App.1992), *trans. denied.* In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Id.* The party seeking summary judgment has the burden of demonstrating no genuine issue of material fact exists and he or she is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Whiteco Industries, Inc. v. Nickolick,* 571 N.E.2d 1337, 1339 (Ind.Ct.App.1991), *trans. denied.*

 In the instant case, the facts are not in dispute. Thus, our review is concerned solely with whether Freddie was entitled to judgment as a matter of law. Our Supreme Court has recognized a parent's duty to provide support for his minor child, which includes the provision of reasonable and necessary medical services for that child. *Scott Co. School District No. 1 v. Asher,* 263 Ind. 47, 51–52, 324 N.E.2d 496, 499 (1975).[2] However, Freddie argues that he did not consent to pay for any services provided to his child, and, in fact, informed Karen and Monika that he would not be responsible for any bills should Monika become pregnant. According to Freddie, as a non-custodial par-

summary judgment, represented to the court that no material issues of fact existed. R. at 83. Matters not designated to the trial court as genuine issues of material fact cannot be argued for the first time on appeal. *See Daugherty v. Fuller Engineering,* 615 N.E.2d 476, 481 fn. 1 (Ind.Ct. App.1993), *trans. denied.*

ent, he had no opportunity to control Monika's behavior and, thus, he should not be required to pay for the result of that behavior. These arguments, while perhaps providing a basis for Freddie's recoupment of his money from Karen and Monika, do not relieve him from his obligation to pay for the medical services provided to his child.[3] *See Brokaw v. Brokaw,* 398 N.E.2d 1385, 1388 (Ind.Ct.App.1980) (a parent cannot, by his own contract, relieve himself of the legal obligation to support his minor child). As a result, St. Mary's was entitled to seek payment from Freddie for medical services provided to Monika, his sixteen-year-old, unemancipated child. Accordingly, we find the trial court erred in granting Freddie's motion for summary judgment and in denying St. Mary's motion for partial summary judgment.

■ Nonetheless, despite Freddie's obligation to provide support for his child, that obligation does not, as a matter of law, extend to any medical expenses which resulted from services provided to his child's child. Therefore, we must remand this case to the trial court with instructions for it to hold a hearing and make a factual determination regarding which, if any, of the charged expenses resulted from care provided to Monika's child, as opposed to Monika, and to enter judgment in favor of St. Mary's in the amount of the charges resulting from care provided to Monika.

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

NAJAM and STATON, JJ., concur.

---

**3.** We note that, pursuant to IND.CODE § 31-6-6.1–17, Freddie would also be entitled to seek repayment of a portion of Monika's medical expenses from the putative father of Monika's child.