DICKSON, Justice,
dissenting.
In my view, the result in this case is particularly disturbing. The Court today holds that a gambling casino may with impunity entice a person the casino knows to be a pathological gambler by offering free transportation from Tennessee to the Indiana casino, providing her with a free hotel room, food, and alcohol, and then extending her credit to gamble at the casino where she not surprisingly suffers $125,000 in casino gambling losses. These facts call for application of the well-established principle of Indiana common law that business owners must use reasonable care to protect their customers while on the business premises. Burrell v. Meads, 569 N.E.2d 637, 639 (Ind.1991).
The rationale applied by the Court is that this common law obligation, as applied to casinos, was abrogated by implication because the Indiana Gaming Commission, pursuant to statutory directive, created a program whereby persons may voluntarily place their name on an exclusion list that would prevent their being permitted to gamble, to receive direct marketing, or to receive casino credit privileges. I disagree with this implied abrogation. "It is a well-known principle in Indiana that statutes 'in derogation of the common law [] are to be strictly construed against limitations on a claimant's right to bring suit"" Wine-Settergren v. Lamey, 716 N.E.2d 381, 388 (Ind.1999) (quoting Collier v. Prater, 544 N.E.2d 497, 498 (Ind.1989)).
This rule has special force when the statute affects a common law right or duty. When the legislature enacts a statute in derogation of the common law, the Court presumes that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication. In cases of doubt, a statute is construed as not changing the common law.
Bartrom v. Adjustment Bureau, Inc., 618 N.E.2d 1, 10 (Ind.1993) (internal citations omitted). Nowhere in Indiana's statutory system of gambling regulation is there any provision that expressly or unmistakably abrogates Indiana's common law requiring business operators to exercise reasonable care for the safety of their customers and *1127 subjecting them to accountability in damages for failing to do so.[1]
The plaintiff's failure to avail herself of the Gaming Commission's voluntary program may be appropriately considered in the allocation of comparative fault between the plaintiff and the casino, but it should not prematurely preclude the plaintiff from having her day in court to seek to hold the casino accountable in damages for what appears from the allegations to be a blatant breach of duty.
This Court has often provided protection for vulnerable individuals against the unreasonable actions of others. See, e.g., Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind.2001) (holding that payday loan lenders cannot collect finance charges exceeding the statutory maximum annual percentage rate and mentioning the criminality of loansharking); Picadilly, Inc. v. Colvin, 519 N.E.2d 1217 (Ind.1988) (holding that the common law duty to exercise reasonable care still exists for alcohol providers despite the enactment of dram shop statutes); Scott County Sch. Dist. One v. Asher, 263 Ind. 47, 324 N.E.2d 496 (1975) (recognizing the ability of minors to avoid or disaffirm contracts entered into, with the exception of contracts for necessaries). Similarly, today's case ealls for upholding our common law principles rather than implying statutory repeal thereof. I therefore dissent.
Separately, I commend Justice Boehm's separate concurrence, which thoughtfully questions the Webb v. Jarvis three-factor framework and urges that we revisit our traditional but redundant application of foreseeability to analyze both duty and proximate cause, and I encourage a careful consideration of his law journal article and its recommendations.

. I also dissent today in Donovan v. Grand Victoria Casino & Resort, L.P., 934 N.E.2d 1111 (Ind.2010), urging that the comprehensive regulatory scheme controls and fails to authorize casinos to exclude patrons with card counting skills. In contrast to my dissenting views above, which emphasize the viability of a person's right to assert a common law cause of action unless expressly abrogated by statute, my dissent in Donovan is grounded on the fact that Indiana's casino gambling businesses exist only by statute and regulation and thus are governed exclusively by Indiana Gaming Commission regulation and not by common law.