**Melinda LOVELESS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 39A01–0802–PC–78.**

Court of Appeals of Indiana.

Nov. 14, 2008.

Transfer Denied Jan. 29, 2009.

Mark Small, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Melinda Loveless was charged with murder and a number of other crimes, and she agreed to plead guilty to murder, arson as a Class A felony, and criminal confinement as a Class B felony. She sought post-conviction relief on the grounds her

counsel was ineffective for pressuring her to sign the plea agreement by representing she might otherwise face the death penalty; she was a minor and therefore could not enter into a plea agreement; and the Indiana Penal Code is unconstitutional. The post-conviction court denied her petition and we affirm.

## FACTS AND PROCEDURAL HISTORY

Loveless was charged with nine felonies, including murder, and the State requested the death penalty. Loveless was sixteen when she committed her crimes and when she agreed to plead guilty to them.[1] The agreement provided Loveless would plead guilty to three counts. The State would dismiss the death penalty request and the remaining felonies, and would recommend her sentences be served concurrently. She was represented by counsel but no guardian *ad litem* was appointed for her. Loveless' mother was apparently present when Loveless agreed to plead guilty, but she did not sign the agreement for Loveless.

## DISCUSSION AND DECISION

■ Loveless bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. *See* Ind. Post–Conviction Rule 1(5); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied, cert. denied* 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). Post-conviction procedures do not afford a petitioner a super-appeal, and not all is-

1. The State asserts Loveless was seventeen at the time of a second guilty plea hearing, but it cites to a portion of the record that was not provided us.

2. However, if the minor contracts for necessaries, he must pay a reasonable price for them. *Asher*, 263 Ind. at 50, 324 N.E.2d at 498.

sues are available. 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id.* If an issue was known and available, but not raised on direct appeal, it is waived. *Id.* If it was raised on appeal, but decided adversely, it is *res judicata*. *Id.*

■ In reviewing a judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind.2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* at 468–69. Loveless is appealing a negative judgment, so to the extent her appeal turns on factual issues Loveless must convince us the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Timberlake*, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.*

### 1. The Plea Agreement

■ The contracts of an unemancipated minor are voidable by him or her. *Scott County School Dist. 1 v. Asher*, 263 Ind. 47, 50, 324 N.E.2d 496, 498 (1975). *And see Mullen v. Tucker*, 510 N.E.2d 711, 714 (Ind.Ct.App.1987) ("In Indiana, as in most states, contracts into which a minor enters are voidable at the minor's option.") (citing *Clark v. VanCourt*, 100 Ind. 113 (1884)).[2] The rule that minors may avoid

Loveless relies on Ind.Code § 29–3–8–5(b): "Every contract, sale, or conveyance executed by a protected person is void unless the protected person is a minor, in which event the contract, sale, or conveyance is voidable." This section appears to apply only to persons under a guardianship or with respect to whom a protective order has been issued. Ind.Code § 29–3–1–13. Loveless does not di-

contracts they enter into with adults is based on the presumption that unequal bargaining power always exists between the two, with the power, and therefore, the potential for overreaching, inuring to the adult. *Johns Hopkins Hosp. v. Pepper*, 346 Md. 679, 697 A.2d 1358, 1364 (1997).

▮ Despite that general rule, our Supreme Court has explicitly held a minor may be "competent" to enter into a plea agreement. *Hoelscher v. State*, 223 Ind. 62, 69–70, 57 N.E.2d 770, 772 (1944), *cert. denied* 325 U.S. 854, 65 S.Ct. 1087, 89 L.Ed. 1975 (1945):

It is contended that a minor is incompetent to enter a plea of guilty. As supporting this contention the appellant cites *Irwin et al. v. State*, 1942, 220 Ind. 228, 41 N.E.2d 809, and *Williams v. Huff, General Superintendent, etc.*, 1944, 142 F.2d 91. In the *Irwin* case one of the appellants was a minor, and the judgment denying the right to withdraw a plea was affirmed. The appellant relies upon the language of the opinion to the effect that [page 240 of 220 Ind., page 813 of 41 N.E.2d]: "A judgment has been said to be a judicial contract, and where a judgment has been entered upon a plea of guilty the contract is by agreement." But it is not even suggested in the opinion that an infant may not enter a plea of guilty without advice of counsel. In the *Williams* case it was held by a majority of the court that the competence of a minor to enter a plea of guilty was a question of fact for the trial court, in the determination of which his youth was entitled to serious consideration. Since time immemorial minors have been permitted to plead freely in criminal prosecutions without the aid of guardian or committee. We find no constitutional, statutory, or common-law rule to the contrary.

Our Supreme Court appears not to have spoken on that subject since 1944, and while we might speculate it would not reach the same result today, we remain bound by that precedent.[3] We accordingly

---

rect us to evidence in the record she was such a "protected person." The State does not address or acknowledge this statute.

**3.** The State also invites us to follow several Mississippi decisions, *e.g., Rush v. State*, 811 So.2d 431, 437 (Miss.Ct.App.2001) (Rush was competent to enter a guilty plea even though he was fourteen years old, illiterate, and his parents were not present).

Loveless asserts the *Hoelscher* Court did not address a minor's ability to enter into a plea agreement "in the context of contract law." (Appellant's Reply Br. at 7.) It is apparent from the *Hoelscher* language that the Court did take into account the contractual aspect of a plea agreement.

While we are obliged by the *Hoelscher* holding to find Loveless could enter into her guilty plea, we reject the State's argument a plea agreement is not "a formal contract bound by all of the principles of contract law," (Br. of Appellee at 9), but instead is something *"in the nature of* a contract." *Id.* This court and our Supreme Court have consistently and explicitly held plea agreements are contracts, and we reject the State's apparent argument that a minor defendant who enters into a plea agreement is entitled to less protection than any·other contracting party. If anything, a defendant party to a plea agreement is entitled to even greater protection:

Because important due process rights are involved, contract law principles although helpful are not necessarily determinative in cases involving plea agreements. For example we of course agree that "we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement." *Sinn [v. State*, 609 N.E.2d 434, 436 (Ind.Ct.App. 1993) ]. Nonetheless, *precisely because plea agreements are contracts*, the principles of contract law can provide guidance in the consideration of the agreement. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind.Ct.App. 2001), *trans. denied.*

*Lee v. State*, 816 N.E.2d 35, 38 (Ind.2004) (emphasis supplied). *And see Badger v. State*,

cannot find Loveless may void the plea agreement on the ground she was a minor.

### 2. Death Penalty

■ Loveless asserts her counsel were ineffective because they represented to her there was a "realistic" possibly she might be executed, (Appellant's Br. at 30), when in fact the death penalty would not likely have been imposed on Loveless even though she was eligible pursuant to statute.

To establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish before the post-conviction court the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). *Overstreet v. State*, 877 N.E.2d 144, 151–52 (Ind.2007), *reh'g denied, petition for cert. filed.* First, a defendant must show counsel's performance was deficient. *Id.* at 152. This requires a showing counsel's representation fell below an objective standard of reasonableness and counsel made errors so serious he or she was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, a defendant must show the deficient performance prejudiced the defense. *Id.* This requires showing counsel's errors were so serious they deprived the defendant of a fair trial, meaning a trial whose result is reliable. *Id.* To establish prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is one that undermines confidence in the outcome. *Id.* Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Id.*

We cannot find Loveless' counsel ineffective for failing to predict the United States Supreme Court would hold, some thirteen years after Loveless pled guilty, that execution of juveniles violates the Eighth Amendment, *see Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), or that the Indiana legislature would in 2002 remove persons under eighteen from death penalty eligibility. Ind.Code § 35–50–2–3. Counsel's representation does not fall below an objective standard of reasonableness for failure to anticipate a change in the law. *Overstreet*, 877 N.E.2d at 161. Loveless offers no argument in support of her premise counsel were deficient for advising her imposition of the death penalty was "realistic," but rather asserts only "the trend in capital cases constantly has been towards narrowing of the penalty." (Appellant's Br. at 30.) Counsel were not ineffective.

637 N.E.2d 800, 803 (Ind.1994) (plea agreement is a binding contract when accepted by the trial court); *Allen v. State*, 865 N.E.2d 686, 689 (Ind.Ct.App.2007) ("A plea agreement is a contract, binding upon both parties when accepted by the trial court.").

The State offers *State v. Tyson*, 658 S.E.2d 285, 289 (N.C.Ct.App.2008), for the proposition a plea agreement "is markedly different from an ordinary commercial contract." (Br. of Appellant at 9.) It is. But that decision so holds because a party to a plea agreement is entitled to *greater* protection than is a party to a commercial contract:

[A] plea agreement "is markedly different from an ordinary commercial contract" because by pleading guilty, a defendant waives many constitutional rights. Therefore, according to the United States Supreme Court, the plea bargain phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.

*Id.* (Internal quotations and citations omitted.)

### 3. *Constitutionality of the Penal Code*

 Ind. Const. Art. 1, Sec. 18 provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Loveless argues our Penal Code is unconstitutional because it was promulgated in 1977 without the required weighing of those principles.

We recently determined a similar argument was unavailable to a post-conviction petitioner in *Lindsey v. State*, 888 N.E.2d 319 (Ind.Ct.App.2008), *trans. denied.* Lindsey contended, as does Loveless in the case before us, that the Indiana Penal Code violated Article I, Section 18. Section 18 applies only to the penal code as a whole and not to individual sentences. *Lindsey*, 888 N.E.2d at 322.

We determined Lindsey waived the issue for our review because he did not raise it during his trial or on direct appeal. The issue was available to him at those times, and Lindsey did not allege in his petition for post-conviction relief that he was denied, at any time, the effective assistance of counsel.[4] For the reasons explained in *Lindsey*, we agree with the State that Loveless waived her challenge to the constitutionality of the Penal Code.

### CONCLUSION

We affirm the denial of Loveless' petition for post-conviction relief.

Affirmed.

NAJAM, J., and ROBB, J., concur.

---

[4.] Nor does Loveless argue her counsel were ineffective for failure to challenge the consti-

tutionality of the Penal Code.