**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2014, 6:55 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CAYLIN P. BLACK**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CAYLIN P. BLACK,                      )
                                      )
    Appellant-Petitioner,             )
                                      )
        vs.                           )        No. 27A02-1212-PC-981
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Respondent.              )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause No. 27D02-1203-PC-63

**March 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Caylin P. Black appeals the denial of his petition for post-conviction relief and raises the following restated issues for our review:

I. Whether the post-conviction court erred when it denied several of Black's claims on *res judicata* grounds;

II. Whether the State committed a *Brady*[1] violation by withholding evidence; and

III. Whether newly discovered evidence warranted a new trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts supporting Black's convictions as set forth by this court on his direct appeal are as follows:

> On September 25, 2007, the Grant County JEAN team drug task force conducted a controlled buy of cocaine from Black. Marion Police Department Detective Ross Allen was the lead detective, while Marion Police Department Detective Sergeant Mark Stefanatos and Grant County Sheriff's Department Lieutenant Michael Andru also participated in the operation. They used a confidential informant, Maurice Rogers, to select the dealer. Rogers was working with the police in exchange for the dismissal of three [C]lass B felony cocaine delivery charges.

> The officers equipped Rogers with a camera and a listening device, searched him prior to the buy, provided him with five hundred dollars of buy money, and dropped Rogers off in Black's neighborhood. Rogers had telephoned Black in advance to arrange the buy. Once there, Rogers met with Black, went inside Black's home, gave him the buy money, and Black gave Rogers the cocaine. The cocaine weighed 6.94 grams. The transaction was recorded.

> The State charged Black with one count of dealing in cocaine as a [C]lass A felony and filed an habitual offender enhancement. A jury found Black guilty of dealing in cocaine as a [C]lass A felony, and the State dismissed the habitual offender enhancement. The trial court sentenced Black to a term of forty years executed.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

*Black v. State*, No. 27A04-0909-CR-501 (Ind. Ct. App. June 10, 2010).

Black appealed his conviction on direct appeal, contending that his right to a speedy trial was violated, that the State committed a *Brady* violation by failing to disclose Rogers's criminal history, that the trial court erroneously limited Black's cross-examination of Rogers, and that Black's trial counsel was ineffective. This court affirmed Black's conviction and sentence in an unpublished opinion. Black filed a pro se petition for post-conviction relief on March 23, 2012 and subsequent amended petitions on May 9, 2012 and May 29, 2012. He cited the following grounds for relief: (1) the State withheld information regarding Rogers's criminal record; (2) newly discovered evidence required a new trial; (3) the trial court erroneously limited Black's cross-examination of Rogers; (4) trial counsel was ineffective for failing to object to certain evidence; and (5) Black's right to a speedy trial was violated. *Appellant's App*. at 41-42. The post-conviction court denied the petition for post-conviction relief. Black now appeals.

## DISCUSSION AND DECISION

Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct App. 2006), *trans. denied*, *cert. denied,* 549 U.S. 1038 (2006). The proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petitioner for

3

post-conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*. The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id*. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

## I. Claims Barred by *Res Judicata*

Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. *Loveless v. State*, 896 N.E.2d 918, 920 (Ind. Ct. App. 2008) (citing *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002)), *trans. denied*. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. P-C.R. 1(1); *Loveless*, 896 N.E.2d at 920. If an issue was known and available, but not raised on direct appeal, it is waived. *Loveless,* 896 N.E.2d at 920. If it was raised on appeal, but decided adversely, it is *res judicata*. *Id.*

4

Black argues that the post-conviction court erred when it determined that his claim regarding the trial court erroneously limiting his cross-examination of Rogers was barred by *res judicata*. Although Black conceded that this issue was decided in his direct appeal, he contends that the issue should be revisited because the previous decision was clearly erroneous and would allow manifest injustice if it was allowed to stand. He, therefore, asserts that this case falls within the narrowly defined exception to the doctrine of *res judicata*, and we should again examine the issue. We disagree.

On Black's direct appeal, he raised the argument that the trial court had erred in limiting his cross-examination of Rogers by not allowing him to question Rogers about any specific sentence length he could have faced, and a panel of this court disagreed. He again raised this issue in his petition for post-conviction relief, and the post-conviction court correctly concluded that it was barred by *res judicata*. Black is correct that our Supreme Court has stated that, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice." *State v. Huffman*, 643 N.E.2d 899, 901 (Ind. 1994) (quotations omitted). However, we do not think that this is a case of such extraordinary circumstances. Here, Black was merely prohibited from questioning Rogers about any specific sentence length he may have faced prior to becoming a confidential informant. He was still permitted to, and did, elicit testimony from Rogers that he faced three Class B felony charges, "serious charges," when he contracted with the State to work as a confidential informant, that Rogers was doing what he had to do in order to avoid

5

prison time, and that he "desperately" did not want to go to prison. *Trial Tr.* at 383. Rogers testified that he is or was a heroin addict, and Black elicited the dates of three different charges against Rogers for cocaine delivery or conspiracy to commit cocaine delivery. Rogers also testified that he selected the dealer involved in the controlled buy. We, therefore, do not find this to be a case with extraordinary circumstances such that the initial decision was clearly erroneous and would work manifest injustice. The post-conviction court did not err in concluding that this issue was barred by *res judicata*.[2]

## II. *Brady* Violation

In *Brady v. Maryland,* the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). "'To prevail on a *Brady* claim, a defendant must establish: (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial.'" *Bunch v. State*, 964 N.E.2d 274, 298 (Ind. Ct. App. 2012) (quoting *Minnick v. State,* 698 N.E.2d 745, 755 (Ind. 1998), *cert. denied,* 528 U.S. 1006 (1999)), *trans. denied*. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] We also note that Black raised two other issues in his petition for post-conviction relief that had been previously decided on direct appeal and that were denied by the post-conviction court: (1) his right to a speedy trial was violated; and (2) his trial counsel was ineffective. The post-conviction court deemed both of these issues barred by *res judicata*. Although Black did not raise the denial of these issues in the present appeal, we note that the post-conviction court correctly determined they were barred.

6

outcome. *Id*. (citing *United States v. Bagley,* 473 U.S. 667, 682 (1985)). The State will not be found to have suppressed material evidence if it was available to a defendant through the exercise of reasonable diligence. *Id*. (citing *Conner v. State,* 711 N.E.2d 1238, 1246 (Ind. 1999), *cert. denied,* 531 U.S. 829 (2000)). Favorable evidence includes both exculpatory evidence and impeachment evidence. *Id*. at 297-98.

Black argues that he was denied due process because the State committed a *Brady* violation when it failed to disclose that Rogers had been convicted of theft in May 1999. He contends that the State's belated disclosure of this information denied him a fair trial because the conviction could have been used to impeach Rogers's credibility at trial. Black asserts that the post-conviction court erred when it determined that he could have sought the theft disposition information earlier through the exercise of due diligence and when it denied relief on this claim.

Initially, we note that Black raised a similar argument in his direct appeal, which was rejected by a panel of this court. *Black*, No. 27A04-0909-CR-501, at *5. Although claims that have been previously raised and ruled upon are barred by *res judicata*, here, the post-conviction court noted that Black had "expanded his appellate argument, stating that he was prejudiced by the State's delayed production of [Rogers's] criminal history because it did not include disposition for a 1999 Theft case, which would have been admissible at the time of trial had the State timely produced it." *Appellant's App*. at 93. Therefore, we reach the merits of his argument.

Evidence is material under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

7

different." *Bunch*, 964 N.E.2d at 297. Here, Black's argument focuses on the State's failure to disclose the disposition of Rogers's theft conviction from 1999. Although Black's defense counsel may not have been able to question Rogers regarding that conviction, the defense was able to cross-examine Rogers about his criminal past, albeit within reasonable limits imposed by the trial court, and this included the elicitation of testimony that Rogers faced Class B felonies prior to entering into an agreement to work as a confidential informant for the State. *Trial Tr.* at 366-83. Counsel for Black was permitted to elicit testimony that Rogers faced "serious" charges before working as a confidential informant and that Rogers was doing what he had to do to avoid prison time, as he "desperately" did not want to go to prison. *Id*. at 383. Defense counsel also elicited testimony that Rogers was a heroin addict, and he established the dates of three different charges against Rogers, all for dealing in cocaine or conspiracy to commit dealing in cocaine. *Id*. at 336-339. Black's counsel established that Rogers, and not the police, selected the dealers he would buy from as a confidential informant. *Id*. at 340. He elicited testimony that Rogers was required to assist in the arrest of Black in exchange for a reduction or dismissal of the charges he faced and that the charges against Rogers were indeed dismissed. *Id*. at 337, 340. Defense counsel was also able to elicit testimony that Rogers had worked previously as a confidential informant, which established an inference of a lengthier criminal history than the one established by the present plea agreement alone. *Id*. at 358, 362, 363.

We do not see how the disclosure of one additional theft conviction from 1999 could have resulted in a different outcome to Black's trial. Rogers's credibility was heavily

attacked by defense counsel's questioning. We, therefore, conclude that the evidence at issue did not constitute material evidence, and there was no *Brady* violation. The post-conviction court did not err in denying relief on this claim.

### III. Newly Discovered Evidence

Newly discovered evidence mandates a new trial only when a defendant demonstrates that: (1) the evidence has been discovered since trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) it is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at trial. *Whedon v. State*, 900 N.E.2d 498, 504 (Ind. Ct. App. 2009) (citing *Taylor v. State,* 840 N.E.2d 324, 329-30 (Ind. 2006)). "We 'analyze[ ] these nine factors with care, as the basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized.'" *Id.* The petitioner for post-conviction relief bears the burden of showing that *all* nine requirements are met. *Id.*

Black contends that the post-conviction court erred in denying his petition based on the newly discovered evidence of Rogers's mental health records. Black argues that the post-conviction court erred in finding that he failed to meet his burden of proof on at least three of the criteria. He specifically asserts that the newly discovered evidence was not merely impeaching, that he had exercised due diligence to discover the evidence before the trial, and that the evidence would have probably produced a different result at retrial. We disagree.

9

Here, the alleged newly discovered evidence consisted of Rogers's medical history and mental health records. First, such evidence would have been merely impeaching of Rogers's credibility. In order to merit a new trial, the evidence at issue cannot be merely impeaching. *Id.*

Second, it appears that due diligence was not used to discover the evidence in time for trial. At trial, Black's counsel stated that "my client seems to think and apparently has some secret source that I'm not aware of that [Rogers] suffers from schizophrenia and he's a mental case." *Trial Tr.* at 241. Despite this claim, Black did not request a continuance in order to investigate Rogers's alleged mental health issues. At the post-conviction hearing, Black testified that some inmates in his cell block had informed him prior to trial that Rogers had a mental illness, and Black informed his defense counsel of the information. *PCR Tr.* at 52-53. Defense counsel stated that he did not attempt to subpoena Rogers's mental health records. *Id.* at 40-41. We, therefore, conclude that Black did not show that he used due diligence in discovering the alleged newly discovered evidence in time for the trial.

Third, the result of a retrial would not be different given the evidence at issue. The evidence discussed above in reference to the alleged *Brady* violation and whether it would have resulted in a different outcome of the trial applies equally here. At trial, defense counsel was able to cross-examine Rogers about his criminal history, although within reasonable limits imposed by the trial court, and this included questioning Rogers regarding the Class B felonies he faced prior to entering into an agreement to work as a confidential informant for the State and that he was doing what he had to do to avoid going to prison.

*Trial Tr*. at 366-83. Black's defense counsel strongly attacked Rogers's credibility with his cross-examination questioning. The evidence other than that provided by Rogers, including the surveillance, the manner in which the controlled buy was conducted that ensured that Black was actually involved in the transaction, and that the transaction was recorded, further established Black's guilt. Black has not shown that the newly discovered evidence would have produced a different result at retrial and has, therefore, failed to establish that his newly discovered evidence warranted a new trial. The post-conviction court properly denied Black's petition as to this claim.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.